505 A.2d 1024

**COMMONWEALTH of Pennsylvania**

v.

**Kelvin YACHYMIAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 1985.

Decided March 10, 1986.

David P. Posatko, Public Defender, Tunkhannock, for appellant.

Brendan J. Vanston, District Attorney, Tunkhannock, for Com.

Before BROSKY, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence entered on nonjury convictions of driving under suspension and driving on the wrong side of the roadway, summary offenses under the Vehicle Code. Appellant's primary argument is the alleged inconsistency between the judge's finding of guilt on the above offenses and the jury's acquittal, in the same trial, on charges of driving under the influence, a misdeameanor. Appellant also challenges the court's refusal to admit certain photographs into evidence. We find no error and affirm.

On August 19, 1984, at approximately 1:30 A.M., police officers observed a vehicle being operated erratically, repeatedly crossing the center line of the highway. After signaling the car to pull over, the officers observed the driver squeeze between the bucket seats and move to the rear of the car. When the officers approached the car on foot, appellant's wife was in the driver's seat and appellant was lying on the back seat.

Appellant was ordered out of the car, and due to the odor of alcohol on his breath was asked to perform field sobriety tests, which he did poorly. He refused to take a breath alcohol test. As a result, he was charged with driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1), driving under suspension (related to a prior violation of § 3731), 75 Pa.C.S. § 1543(b), and failure to drive on the right side of the roadway, 75 Pa.C.S. § 3301(a).

At appellant's jury trial on the charge of driving while under the influence, the officers testified to the foregoing facts. Appellant and his wife testified that she had been

driving the car, and that appellant leaned forward between the seats to get her insurance papers from the glove compartment after the police signaled her to stop. Appellant did not contest the fact that he was intoxicated; indeed, he and his wife both testified that she had stopped shortly before apprehension by the police in order for appellant to vomit outside the car. Appellant offered seven photographs taken by a friend under conditions approximating those at the time the police stopped appellant and his wife. The court sustained the Commonwealth's objection to admission of the photos, holding that they were not properly authenticated in that the court could not "equate the camera lens with the eyes of the police officers."

At the conclusion of the trial, the jury returned a verdict of not guilty on the misdemeanor charge. The judge, however, sitting as fact-finder on the summary offenses, found appellant guilty of driving under suspension and failure to drive on the right side of the roadway. Due to the fact that the suspension was related to a previous offense of driving under the influence, appellant received a mandatory sentence of ninety days imprisonment and a fine of $1,000.

Appellant presents only two issues: first, whether the court erred in excluding his photographs, and second, whether the inconsistency between the verdicts of the judge and the jury resulted in such basic unfairness to appellant that he is entitled to an arrest of judgment.

As to the first issue, the admissibility of photographs is within the discretion of the trial court. *Fahringer v. Rinehimer*, 283 Pa.Super. 93, 99, 423 A.2d 731, 734 (1980). *See Burch v. Sears, Roebuck and Co.*, 320 Pa.Super. 444, 454–55, 467 A.2d 615, 621 (1983). The trial court did not abuse its discretion in excluding appellant's photographs.

In taking the pictures, appellant had attempted to duplicate the location, light conditions, vehicle positions and vantage point of the police officers. Nevertheless, the

court correctly exercised its discretion in excluding the photographs due to its doubt that the lighting, brightness levels, relative heights, depths and distances sufficiently reproduced the observations of the police, thereby failing to establish the probative value of the photographs. Appellant was not in the patrol car at the time of the stop but instead claims to have been lying down with his head on the seat; he was thus never in any position to compare the officers' view with the view represented by the pictures.

Appellant's second argument is that the law should be changed, not that the trial court erred in applying existing law. Appellant's reasoning is that the jury's acquittal on the charge of driving under the influence necessarily rested upon a specific finding that appellant was not operating the vehicle, due to his admission that he was intoxicated. The judge's opposite finding, that appellant was driving, is so basically unfair that it should not be tolerated in our criminal justice system.

■ Appellant recognizes that inconsistent verdicts may be rendered by a jury and that such verdicts are not grounds for a new trial or for reversal. *Commonwealth v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971). The same rule applies in nonjury trials. *Commonwealth v. Harris*, 239 Pa.Super. 603, 606, 360 A.2d 728, 729 (1976). Appellant does not argue that a different rule of law holds for cases in which both judge and jury sit as fact-finders on summary and misdemeanor offenses tried in one proceeding as required by *Commonwealth v. Campana*, 452 Pa. 233, 253, 304 A.2d 432, 441 (1973), *vacated* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied* 417 U.S. 969, 94 S.Ct 3172, 41 L.Ed.2d 1139 (1974).

Instead, he argues that the rationale of *Commonwealth v. Bittinger*, Somerset County, 25 Pa.D. & C.3d 627 (1982), should be adopted in order to alleviate the basic unfairness of inconsistent verdicts in a combined judge-jury trial. The

issue in *Bittinger* was identical to the one under review—whether a judge may convict on a summary offense when such a conviction is logically inconsistent with a jury's acquittal in the same trial. President Judge Coffroth granted a motion in arrest of judgment after he had found Bittinger guilty of harrassment and a jury had acquitted Bittinger of assault in the consolidated trial.

The judge explained his decision in a lengthy opinion, holding that "a criminal accused is protected against inconsistent findings of essential facts by different fact-finders in a consolidated jury-nonjury trial of misdemeanor and summary offenses arising from a single episode of conduct," and that "the judge must defer to the jury's finding upon common essential issues, if clear, because public policy favors jury trial." *Id.* at 643–44. The holding was based upon the belief that inconsistent verdicts constituted "a double jeopardy of sorts" or might be "merely a matter of collateral estoppel." *Id.* In any event, the unfairness to the accused puts the judicial system in a bad light as not knowing its own mind, makes justice appear aleatory and reduces both public confidence in the judicial system and judicial self-respect. *Id.*

■ We decline to adopt the foregoing rationale for two reasons. First and foremost is the difficulty, if not impossibility, of determining when two verdicts are truly inconsistent. In the case at bar, for instance, conviction of driving under the influence would have entailed three findings of fact: appellant was operating the vehicle, he was under the influence of alcohol and he was incapable of safe driving. An acquittal entails reasonable doubt of any one of the essential facts. The judge's finding that appellant was operating the vehicle is inconsistent only if the acquittal was based on the jury's doubt that appellant was driving rather than on the absence of either of the other two elements of the offense. Despite appellant's insistence that he did not contest the issue of his intoxication so that his

acquittal must be interpreted as a jury finding that he was not the operator of the vehicle, there is at least a reasonable possibility that the verdict was based upon an absence of proof that appellant was intoxicated to a degree which rendered him incapable of safe driving.[1]

For these reasons it has been held that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence. [The acquittal may be] ... no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Commonwealth v. Parrotto*, 189 Pa.Super. 415, 422, 150 A.2d, 396, 399 (1959).

A second reason we decline to adopt appellant's view as presented in *Bittinger, supra,* is that it functionally abrogates Pa.R.Crim.P. 63(b) and 1102(a). These rules taken together designate the judge as trier of fact in summary cases which are conjoined with court cases pursuant to *Campana, supra.* As to the summary offenses, "the trial judge shall determine all questions of law and fact and render a verdict which shall have the same force and effect as a verdict of a jury." Pa.R.Crim.P. 1102(a). He surely cannot fulfill this duty if he follows the requirement in *Bittinger* that he "must defer to the jury's finding upon common essential issues." *Bittinger, supra,* at 644.

Although the law permitting inconsistent verdicts occasionally seems to produce paradoxical results, we find no error in the trial judge's performance of his role as finder of fact under the rules of criminal procedure. Accordingly, we affirm the judgment of sentence.

1. At the conclusion of the Commonwealth's case, appellant's counsel demurred to the charge of driving under the influence because neither prosecuting officer testified to the opinion that appellant was under the influence. The court denied the demurrer, ruling that the weight of the evidence of the field sobriety tests and the odor of alcohol presented a jury question as to intoxication. Notes of Testimony, November 14, 1984, at 56. Although the evidence that appellant was so intoxicated as to be incapable of safe driving was sufficient to overcome a demurrer, it was not overwhelming.