594 A.2d 696

COMMONWEALTH of Pennsylvania

v.

Donald J. WHARTON, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 9, 1991.

Filed July 25, 1991.

William T. Renz, Doylestown, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com., appellee.

Before WIEAND, MONTEMURO and HESTER, JJ.

WIEAND, Judge:

On October 27, 1989, at or about 7:35 p.m., a vehicle owned by Donald J. Wharton, Jr., left a roadway in Bucks County and struck a utility pole. Killed in the accident was Wharton's girlfriend, Debra Felver. Wharton was arrested and charged with involuntary manslaughter, homicide by vehicle while driving under the influence of alcohol, homicide by vehicle, and driving while under the influence of alcohol and/or a controlled substance. He was also charged with the summary offenses of driving at an unsafe speed, reckless driving, driving an unregistered vehicle and driving while his operating privileges were under suspension. At trial before a jury, Wharton defended on grounds that his deceased girlfriend had been the driver of the vehicle and not he. On March 14, 1990, the jury acquitted him of involuntary manslaughter, homicide by vehicle while driving under the influence, homicide by vehicle and driving while under the influence of alcohol and/or a controlled substance. On March 26, 1990, the trial court received

additional evidence and found Wharton guilty of the summary offenses. Sentences were immediately imposed, and thereafter post-trial motions were filed and dismissed. Wharton then appealed.[1] He contends that the convictions for the summary offenses were barred by constitutional guarantees against double jeopardy and the provisions of 18 Pa.C.S. § 110.

Appellant's argument is based upon the premise that he was tried twice for offenses arising out of the same incident. The Commonwealth contends, however, that all charges were tried in a single proceeding, so that jeopardy attached at the same time on all charges.

■ The doctrine of collateral estoppel, which is part of the concept of double jeopardy, "requires that where an ultimate fact has been necessarily established *in favor of a defendant* in a former prosecution, the issue may not be relitigated in any subsequent proceeding against the defendant." *Matter of Huff,* 399 Pa.Super. 574, 578 n. 5, 582 A.2d 1093, 1095 n. 5 (1990). See also: *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Commonwealth v. Smith,* 518 Pa. 15, 540 A.2d 246 (1988); *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980). With respect to 18 Pa.C.S. § 110, the Superior Court has said:

> Section 110 "applies only where the prosecution is attempting to bring charges to trial on a new offense which follows a previous trial for the same conduct." *Commonwealth v. Pounds, supra,* 281 Pa.Super. [19] at 22,

1. Wharton's notice of appeal was not filed until thirty-six (36) days after entry of the judgment of sentence. Usually, this would require the quashing of an appeal. In the instant case, however, the trial court imposed sentence immediately following the adjudication of guilt. This was procedurally improper. The court should not have imposed sentence prior to the filing and disposition of post-trial motions. Therefore, because Wharton did file his notice of appeal within thirty (30) days of the denial of his post-trial motions, we will treat his appeal as having been timely filed. See: *Commonwealth v. Schauffler,* 397 Pa.Super. 310, 314, 580 A.2d 314, 316 (1990); *Commonwealth v. Eliason,* 353 Pa.Super. 321, 323, 509 A.2d 1296, 1297 (1986).

421 A.2d [1126] at 1127 [(1980)]. It was designed to limit successive prosecutions where all charges arising out of the same criminal transaction could have been brought in a single prosecution. See: *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978); *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

*Commonwealth v. Harris*, 400 Pa.Super. 12, 24–25, 582 A.2d 1319, 1325 (1990).

■ A careful review of the record in this case discloses that the felony, misdemeanor and summary charges against appellant were, in fact, consolidated in a single trial in which the jury was the fact finder in the felony and misdemeanor charges and the trial court was fact finder in the summary charges. The Commonwealth contends that the trial court made a ruling prior to trial by which appellant's driving record and the status of his vehicle's registration were to be presented at a continued hearing after the conclusion of the jury trial in order to avoid the prejudice which might have resulted if the jury had been made aware of such evidence. Although we can find no indication of this ruling in the record which has been certified to this Court, it is clear from the record that all evidence pertaining to the identity of the vehicle's driver at the time of the accident was presented during the jury trial. At the reconvened hearing, the court received evidence of appellant's driving record and the status of his vehicle's registration. No additional evidence was received. In particular, no evidence was presented during the reconvened hearing as to who was driving the vehicle at the time of the accident. Thus, it was solely on the basis of evidence presented while the jury was present that the trial court found appellant to be the driver at the time of the accident. It is apparent, therefore, that the evidence necessary to a determination of the common issues of fact on the summary and felony/mis-

demeanor offenses was presented at a single proceeding. As the trial court said in its opinion, "[w]hat was conducted here was a single trial."

The circumstances surrounding this trial are analogous to those in *Commonwealth v. Yachymiak*, 351 Pa.Super. 361, 505 A.2d 1024 (1986). There, the defendant had been tried in a single proceeding on a charge of driving while under the influence of alcohol and the summary offenses of driving while under suspension and driving on the wrong side of the highway. The jury acquitted the defendant of drunk driving, but the trial court found him guilty of the summary offenses. On appeal the defendant argued, as appellant argues instantly, that the jury's verdict of acquittal on the drunk driving charge constituted a specific factual finding that he had not been driving the vehicle at the time of the alleged offenses. The Superior Court rejected this argument and held that the trial court was not bound by the jury's verdict when deciding the defendant's guilt of the summary offenses. The Court reasoned as follows:

> Appellant's reasoning is that the jury's acquittal on the charge of driving under the influence necessarily rested upon a specific finding that appellant was not operating the vehicle, due to his admission that he was intoxicated. The judge's opposite finding, that appellant was driving, is so basically unfair that it should not be tolerated in our criminal justice system.
>
> Appellant recognizes that inconsistent verdicts may be rendered by a jury and that such verdicts are not grounds for a new trial or for reversal. *Commonwealth v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971). The same rule applies in nonjury trials. *Commonwealth v. Harris*, 239 Pa.Super. 603, 606, 360 A.2d 728, 729 (1976). Appellant does not argue that a different rule of law holds for cases in which both judge and jury sit as fact-finders on summary and misdemeanor offenses tried in one proceeding as required by *Commonwealth v. Campana*, 452 Pa. 233, 253, 304 A.2d 432, 441 (1973), *vacated* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand* 455 Pa. 622,

314 A.2d 854 (1974), *cert. denied* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

Instead, he argues that the rationale of *Commonwealth v. Bittinger*, Somerset County, 25 Pa.D. & C.3d 627 (1982), should be adopted in order to alleviate the basic unfairness of inconsistent verdicts in a combined judge-jury trial. The issue in *Bittinger* was identical to the one under review—whether a judge may convict on a summary offense when such a conviction is logically inconsistent with a jury's acquittal in the same trial. President Judge Coffroth granted a motion in arrest of judgment after he had found Bittinger guilty of harrassment [sic] and a jury had acquitted Bittinger of assault in the consolidated trial.

The judge explained his decision in a lengthy opinion, holding that "a criminal accused is protected against inconsistent findings of essential facts by different factfinders in a consolidated jury-nonjury trial of misdemeanor and summary offenses arising from a single episode of conduct," and that "the judge must defer to the jury's finding upon common essential issues, if clear, because public policy favors jury trial." *Id.* at 643–44. The holding was based upon the belief that inconsistent verdicts constituted "a double jeopardy of sorts" or might be "merely a matter of collateral estoppel." *Id.* In any event, the unfairness to the accused puts the judicial system in a bad light as not knowing its own mind, makes justice appear aleatory and reduces both public confidence in the judicial system and judicial self-respect. *Id.*

We decline to adopt the foregoing rationale for two reasons. First and foremost is the difficulty, if not impossibility, of determining when two verdicts are truly inconsistent. In the case at bar, for instance, conviction of driving under the influence would have entailed three findings of fact: appellant was operating the vehicle, he was under the influence of alcohol and he was incapable of safe driving. An acquittal entails reasonable doubt of any one of the essential facts. The judge's finding that

appellant was operating the vehicle is inconsistent only if the acquittal was based on the jury's doubt that appellant was driving rather than on the absence of either of the other two elements of the offense. Despite appellant's insistence that he did not contest the issue of his intoxication so that his acquittal must be interpreted as a jury finding that he was not the operator of the vehicle, there is at least a reasonable possibility that the verdict was based upon an absence of proof that appellant was intoxicated to a degree which rendered him incapable of safe driving.

For these reasons it has been held that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence. [The acquittal may be] ... no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenienty." *Commonwealth v. Parrotto,* 189 Pa.Super. 415, 422, 150 A.2d 396, 399 (1959).

A second reason we decline to adopt appellant's view as presented in *Bittinger, supra,* is that it functionally abrogates Pa.R.Crim.P. 63(b) and 1102(a). These rules taken together designate the judge as trier of fact in summary cases which are conjoined with court cases pursuant to *Campana, supra.* As to the summary offenses, "the trial judge shall determine all questions of law and fact and render a verdict which shall have the same force and effect as a verdict of a jury." Pa. R.Crim.P. 1102(a). He surely cannot fulfill this duty if he follows the requirement in *Bittinger* that he "must defer to the jury's finding upon common essential issues." *Bittinger, supra,* at 644.

Although the law permitting inconsistent verdicts occasionally seems to produce paradoxical results, we find no error in the trial judge's performance of his role as finder of fact under the rules of criminal procedure.

*Id.* 351 Pa.Super. at 365–367, 505 A.2d at 1026–1027 (footnote omitted).

It was for the trial court in this case, sitting as fact finder, to weigh the evidence and render a verdict on the

summary charges. That the court's verdict was not consistent with the jury's verdict on the felony and misdemeanor charges is not an adequate basis for granting relief, for, as the decision in *Commonwealth v. Yachymiak* instructs, in a consolidated jury/nonjury trial, the trial court is not required to defer to the findings of the jury on common factual issues. Instead, the trial court is free to conclude, as it did in the instant case, that appellant was driving the vehicle at the time of the accident and, therefore, was guilty of the summary offenses charged.

Principles of double jeopardy have not been violated merely because the receipt of additional evidence was delayed until after the verdict of the jury had been returned. Jeopardy attached simultaneously on all alleged offenses at the start of the trial, and the delay in receiving evidence pertaining to appellant's driving record and registration of his vehicle was occasioned in order to prevent the jury from hearing evidence irrelevant to the issues which it was being called upon to decide. This was not altered because there was a delay of twelve days.

For similar reasons, the procedure followed by the trial court did not constitute a violation of 18 Pa.C.S. § 110.

The judgment of sentence is affirmed.