620 A.2d 9

**COMMONWEALTH of Pennsylvania,**

v.

**Daniel CASSIDY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1992.

Filed Feb. 3, 1993.

2

3

F. Emmett Fitzpatrick, Jr., Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before CAVANAUGH, BECK and BROSKY, JJ.

4

BECK, Judge:

The issue we decide, *inter alia*, is whether the well-settled rule that inconsistent verdicts are not grounds for reversal of conviction applies where, in a single trial, a defendant is convicted of corrupt organization, yet acquitted on all of the predicate offenses underlying the corrupt organization charge. We hold that the rule is applicable and that the inherent inconsistency of such verdicts does not render them invalid. Consequently, and because we find no merit to appellant's other contentions, we affirm the judgment of sentence. The facts are as follows. Appellant, Daniel Cassidy, is a former Philadelphia police officer who had been assigned to the police narcotics division. In June, 1988, following a nine-month grand jury investigation, appellant was arrested with six other officers from "One Squad" (appellant's unit), for illegally keeping money seized in drug raids. The seventy-two page presentment against appellant and his co-officers, many of whom pled guilty, contained charges of corrupt organization, criminal conspiracy, bribery in official and political matters and theft by failure to make required disposition of funds received.

Trial by jury took place between August 22 and 28, 1991, at the conclusion of which appellant was found guilty of corrupt organization only. He was acquitted on all other charges. Post-verdict motions were denied and the trial court sentenced appellant to five years probation; this timely appeal ensued. Appellant challenges the proceedings below based upon four alleged errors.

First, appellant contends that he should be granted a new trial because he was denied the right to a preliminary hearing.[1] The trial court granted Commonwealth's motion to proceed directly to filing an information against appellant, based upon the grand jury presentment in lieu of a preliminary hearing. In its motion, Commonwealth assured the court that it would voluntarily hand over to appellant the present-

---

1. Appellant preserved this argument by raising it in an omnibus pretrial motion to quash the information. This motion was denied. He subsequently reiterated his challenge in post-verdict motions that were likewise denied.

ment, and all discovery materials from the grand jury proceedings, in exchange for not having to duplicate the lengthy process in a costly and time-consuming preliminary hearing. Commonwealth explained that there were over 31 witnesses who would have to testify, some of whom were in protective placement with federal authorities.

Our supreme court has recognized that "[t]he principal function of a preliminary hearing is to protect the individual against unlawful detention." *Com. v. Ruza*, 511 Pa. 59, 64, 511 A.2d 808, 810 (1986) (quoting *Com. v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978)). Thus, "[t]he prosecution has the burden of establishing at least prima facie that a crime has been committed and the accused is the one who committed it." *Id.*

Pursuant to Pa.R.Crim.P. rule 231, however, the court may grant leave to the Commonwealth to file an information with the court without a preliminary hearing when the district attorney certifies that a preliminary hearing cannot be held for good cause shown. In the present case, the trial court found that the Commonwealth had demonstrated good cause in its explanation of the complexity of the case and the expenses that would be incurred for a hearing that would merely reiterate the prima facie case which had been made more than adequately in the presentment. We agree.

In *Com. v. Ruza, supra,* our supreme court considered whether a conviction should be reversed due to the trial court's refusal to hold a preliminary hearing. In that case, the court stated in *dicta,*

> [O]ne need not be omniscient to perceive that the Commonwealth did not wish to be put to the great expense of transporting the victim from Florida for a preliminary hearing when the victim would have to be brought back again for trial. Under such circumstances, good cause existed for foregoing the preliminary hearing.

*Id.* 511 A.2d at 810.[2] Moreover, even if a preliminary hearing should have been held, we would find the error harmless.

---

**2.** This finding is dicta because the court went on to state that its decision was based upon the fact that any error would have been

6

Appellant was not unlawfully detained, as he was out on bail, and there was sufficient evidence to make a prima facie case as was borne out at trial. *See Com. v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980), which provides, "[i]f in fact it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation [at the preliminary hearing] would have been harmless." *Id.* at 589–590, 414 A.2d at 1048; *see also Ruza, supra; Com. v. Jennings,* 405 Pa.Super. 590, 592 A.2d 1370 (1991) (en banc), *allocatur denied,* 529 Pa. 632, 600 A.2d 952 (1991); *Com. v. Lyons,* 390 Pa.Super. 464, 568 A.2d 1266 (1989), *allocatur denied,* 525 Pa. 663, 583 A.2d 792 (1990).

■ Next, appellant claims that the method by which the jury was selected was improper. Specifically, appellant states that Pa.R.Crim.P. Rule 1106(e)(1), which prescribes the manner in which peremptory challenges are to be exercised, was violated. Appellant fails to explain, however, what system was utilized and in what way, if any, he was harmed by the process.[3] Consequently, we find this argument to be insufficient and therefore waived. *See Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 401–02, 551 A.2d 1112, 1114 (1988) ("When an appellant fails to carry forward, or is indecipherably vague in, argumentation upon a certain point in his appellate brief, that point is waived.").

Appellant's third claim of error addresses the trial court's limitation on appellant's direct examination of one of his reputation witnesses. Our standard of review for this matter is set forth in *Com. v. Sweger,* 351 Pa.Super. 188, 505 A.2d 331 (1986), *allocatur denied,* 513 Pa. 634, 520 A.2d 1385 (1987):

[Q]uestions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that

harmless because the Commonwealth's prima facie case was subsequently demonstrated in a pre-trial hearing and at trial itself.

3. *See Com. v. Moon,* 389 Pa. 304, 132 A.2d 224 (1957) *cert. dismissed,* 355 U.S. 908, 78 S.Ct 335, 2 L.Ed.2d 270 (1957) ("The defendant ... has no standing in an appellate court to complain ... unless the error contributed to the result reached by the jury."). *See also Com. v. Pittman,* 320 Pa.Super. 166, 466 A.2d 1370 (1983).

discretion. Furthermore, not only must a clear abuse of discretion be shown but there must be a showing that actual prejudice has occurred.

*Id.* 505 A.2d at 334 (citing *Lewis v. Pruitt*, 337 Pa.Super. 419, 487 A.2d 16 (1985)).

■ Appellant called over one hundred people to testify to his reputation for being honest. Only the testimony of one of these witnesses was restricted in any way by the trial court upon request of the Commonwealth. Detective William McConnell, a former police officer and current employee of the District Attorney, was not permitted to state his current place of employment. The Commonwealth perceived that the jury might infer from this information that the District Attorney's office does not support the prosecution, and that the Commonwealth might be unduly prejudiced by such an inference. Appellant's brief does not provide any case law that suggests an absolute right to question a reputation witness regarding his employment, especially where, as here, the witness was employed elsewhere at the time that was pertinent to his testimony about the appellant.

We find that the trial court did not abuse its discretion in prohibiting the admission of the irrelevant and potentially prejudicial information that McConnell worked for the District Attorney. Moreover, we fail to see how this exclusion could have been even remotely harmful to the appellant's case, or in any way have had a determinative impact upon the ultimate guilty verdict. Significantly, McConnell was permitted to testify that he was formerly a police officer and knew that appellant had an excellent reputation for honesty.

■ Finally, appellant asks this Court to grant him a new trial due to the inconsistent nature of the verdicts below. Appellant contends that a defendant cannot in the same trial be convicted of corrupt organization, yet acquitted on all of the predicate offenses, where, as here, there is no evidence offered of any additional racketeering activities other than those for

which he was charged and acquitted.[4]

Appellant's argument is based upon the rationale that the acquittals constitute affirmative findings by the jury that the evidence presented was insufficient to prove beyond a reasonable doubt that appellant committed the predicate crimes charged. Therefore, he contends, that same evidence must have been insufficient to prove the corrupt organization charge, which consists of *inter alia* the very same elements. In *Com. v. Wharton*, 406 Pa.Super. 430, 594 A.2d 696 (1991), in a different context, we rejected this rationale, holding that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence. [The acquittal may be] . . . no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Id.* 594 A.2d at 699 (quoting *Com. v. Parrotto*, 189 Pa.Super. 415, 422, 150 A.2d 396, 399 (1959)).

While it is a well-settled rule that inconsistent verdicts are not grounds for reversal, *see Com. v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971); *Com. v. Harris*, 239 Pa.Super. 603, 360 A.2d 728 (1976); *Com. v. Parrotto, supra,* this Court has not heretofore addressed the issue in the context of Pennsylvania's Corrupt Organization Act. In *Com. v. Taraschi*, 327 Pa.Super. 179, 475 A.2d 744 (1984), this Court held that a defendant need not be charged or convicted of the predicate crimes constituting the pattern of racketeering activity, in order to be found guilty of corrupt organization. In that case, however, the defendant had only been charged with corrupt organization and therefore the inconsistent verdict question was not implicated.

In deciding this case of first impression, we are nevertheless guided and persuaded by a similar federal case involv-

4. We must distinguish this issue from one that is related but which demands a contrary result. Where a defendant is convicted in one trial of both corrupt organization and the predicate offenses, but some of the predicate offenses are subsequently overturned, in that case the corrupt organization charge would have to be re-tried because the verdict might have been premised upon the overturned conviction. *See United States v. Guiliani*, 644 F.2d 85 (2d Cir.1981).

ing the Federal RICO Act.[5] In *United States v. Vastola*, 899 F.2d 211 (3d cir.) *vacated on otherated grounds*, 497 U.S. 1001, 110 S.Ct 3233, 111 L.Ed.2d 744 (1990), the Court deliberated whether or not inconsistent verdicts in RICO cases might be grounds for reversal; it concluded, as we do, that an exception to the well-settled rule is not warranted. In *Vastola*, the defendant was convicted of RICO offenses, but was acquitted on 3 out of 4 of the predicate racketeering offenses for which he had been charged. Relying upon the acquittals as proof that the evidence must have been insufficient and that the jury had failed to follow instructions, the district court granted defendant's post-verdict motion for a judgment of acquittal on the RICO counts. The court of appeals reversed in an opinion that addressed the inconsistent verdict issue. The discussion is directly applicable to the present case, and consistent with our determination of the appeal:

> There is no question that the jury verdict was inconsistent. By its plain language, section 1962(c) requires the government to show a "pattern of racketeering activity," which, under section 1961(5), must be based on proof of "at least two acts of racketeering activity." The jury's acquittal or deadlock on the offenses underlying three of the four alleged racketeering acts was incompatible with its conviction on the RICO count. However, as the problem is purely one of inconsistency in the verdict, it is controlled by *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

> In *Powell*, the defendant was acquitted of charges of conspiracy to possess and possession of cocaine with intent to distribute, but was convicted under 21 U.S.C. § 843(b) of using a telephone to facilitate the commission of the conspiracy and possession offenses. The Court of Appeals for the Ninth Circuit upheld the district court's grant of judgment of acquittal on the section 843(b) conviction, reasoning that

5. It should be noted, however, that cases interpreting the federal RICO Act are not controlling in prosecutions of the Pa. Corrupt Organization Act. *Taraschi, supra*, 475 A.2d at 748 n. 2.

an acquittal on the predicate felony, that is, the conspiracy, logically precluded a conviction on the compound felony of using a telephone to facilitate the conspiracy.

In a unanimous decision, the Supreme Court reversed, reaffirming its holding in *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), that jury verdicts in criminal cases cannot be set aside solely on the ground of inconsistency. As the Court explained, the *Dunn* rule applied with equal force to the facts in Powell because it was impossible to tell whether the inconsistency favored the defendant or the government: "it is unclear whose ox has been gored." While it was possible that the jury did not find sufficient evidence to convict on the predicate offenses and misapplied the law on the compound offense, the converse was equally possible, namely that it was the acquittals that were suspect. Given that the defendant's protection against double jeopardy precluded the government from seeking appellate review of the acquittals, the rule against overturning the conviction because of the inconsistency did "not necessarily ... [create] a windfall to the government at the defendant's expense." Conceivably, it was the defendant who enjoyed a windfall due to the jury's lenity.

The Court specifically rejected the defendant's argument that inconsistent verdicts in the compound felony context warrant an exception to the Dunn rule. The defendant maintained that an acquittal on the predicate offenses underlying a compound felony conviction necessarily means that there was insufficient evidence to prove the compound felony. According to the Court, the defendant's argument showed a

misunderstand[ing of] the nature of the inconsistent verdict problem. Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper—the one the jury 'really meant.' This, of course,

is not necessarily correct; all we know is that the verdicts are inconsistent.

*Vastola, supra,* at 222–223 (citations omitted).

In accordance with the foregoing, we refuse to create an exception to the rule that inconsistent verdicts warrant reversal of criminal convictions.[6] We hold that a defendant may in one trial be convicted of corrupt organization pursuant to 18 Pa.C.S.A. § 911, and also be acquitted on all predicate offenses underlying the conviction.

Judgment of sentence affirmed.

CAVANAUGH, J., files a concurring opinion.

CAVANAUGH, Judge, concurring:

I join the majority opinion on all issues with the exception of appellant's second claim of error. Contrary to the import of the majority opinion, I would find that the appellant has sufficiently articulated his second claim of error for purpose of review.[1] The appellant asserts in this claim that the trial court, during the peremptory challenge stage of *voir dire* and in derogation of Rule 1106, required the prosecution and

6. We note that appellant repeatedly asserts that he is not challenging the verdict on inconsistency grounds, but rather that he is challenging the sufficiency of the evidence. After thorough review, however, we cannot accept this characterization of the issues nor, we note, would such a characterization assist appellant in his appeal as the evidence presented in the case is in our view sufficient to support the verdict. Appellant also attempts to mold the inconsistency issue into a claim that the jury failed to follow the court's instructions. Again, we have looked behind this mischaracterization of the issue. Even so, we do not find the jury's verdict to be contrary to the trial court's instructions. The court twice instructed the jury that if it should find that the Commonwealth failed to meet its burden of proof beyond a reasonable doubt, then the jury *must* find defendant not guilty. Each time, the jury was next advised that if it found that the Commonwealth succeeded in meeting its burden of proof, then the jury *should* find defendant guilty. Additionally, the court explained that the jury may find defendant guilty on any one count and not on the others.

1. The tenor of our law requires a severe deficiency in advocacy before we will consider a particular issue waived. *See, e.g., Commonwealth v. Blassingdale,* 398 Pa.Super. 379, 394–5, 581 A.2d 183, 190 (1990); *Commonwealth v. Jones,* 329 Pa.Super. 20, 22, 477 A.2d 882, 883 (1984); *Commonwealth v. Balch,* 328 Pa.Super. 71, 75–6, 476 A.2d 458, 461 (1984).

12

defense to alternate the consideration of jurors, rather than the use of peremptory challenges. This argument has at least technical merit,[2] and is worthy of consideration. However, I would find the error harmless, as the appellant has not provided sufficient demonstration of how this error prejudiced him.

2. Rule 1106 indicates that a trial judge in a non-capitol case "shall" select one of two alternate methods of *voir dire*. I note that the record indicates that the procedure the Court used more closely resembled the "List System" on challenges set forth in Pa.R.Crim.P. 1106(e)(2) rather than the "Challenge System" of subsection (e)(1). This procedure requires in pertinent part:

> [P]eremptory challenges then shall be exercised by passing the list between prosecution and defense, *with the prosecution first striking the name of a prospective juror, followed by defense, and alternating thereafter until all peremptory challenges have been exhausted.*

Pa.R.Crim.P. 1106(e)(2)(F) (emphasis added).