J-S03029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIE J. RIVERA | : | |
| | : | |
| Appellant | : | No. 749 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2021
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0002070-2019

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED: APRIL 01, 2022**

Jamie J. Rivera appeals from the judgment of sentence imposed following his conviction for summary harassment.[1]  We affirm.

The relevant factual and procedural history of this case is as follows.  On July 25, 2019, Rivera was staying with his girlfriend, Jessica Fair, who had two children: G.F., an approximately 14-month-old child; and six-year-old E.F. That evening, Ms. Fair fell asleep with E.F. in one room, and permitted Rivera to take G.F. to his room down the hall because she was "fussing."  N.T., 6/22/21, at 33.  At that time, G.F. had "a few marks on her forehead," as well as some scratches and other marks on her face.  *Id*. at 34.  Ms. Fair testified

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 2709(a)(1).

that she believed these marks came from G.F. falling at an aunt's house, being scratched by the family cat, or causing them herself.[2] *Id*. Later that night, Ms. Fair entered Rivera's room and climbed into bed next to him and G.F. As she did so, Rivera told her his tool bag had fallen on G.F. The next morning, Rivera left for work. Ms. Fair later woke up, and when she began to remove G.F.'s nightgown, she found additional marks on G.F. *Id*. Ms. Fair took G.F. to a MedExpress, where medical personnel referred her to Children's Hospital of Pittsburgh. *Id*. at 36.

Dr. Jennifer Wolford, a physician at Children's Hospital, examined G.F. and found, among other things, bruising on both sides of her body under each arm, as well as several coalesced bruises on her right thigh. *Id*. at 112, 114. Dr. Wolford concluded that G.F. was the victim of child abuse based on the number and pattern of the bruises. *Id*. at 119-20. A Childline report was issued concerning G.F, and police initiated an investigation. *Id*. at 137-38. The Commonwealth ultimately charged Rivera with several felony and misdemeanor offenses, namely, aggravated assault, endangering the welfare of a child ("EWOC"), simple assault, recklessly endangering another person ("REAP"), and summary harassment.[3]

---

[2] None of these marks were at issue at Rivera's trial.

[3] *See* 18 Pa.C.S.A. §§ 2702(a)(8), 4304(a)(1), 2701(a)(1), 2705, and 2709(a)(1).

Rivera proceeded to a simultaneous jury and bench trial, whereby the jury would consider aggravated and simple assault, EWOC, and REAP, and the trial court would consider the summary harassment charge. The jury acquitted Rivera on all charges it considered. Immediately thereafter, the trial court found Rivera guilty of summary harassment and imposed sentence. **See** N.T., 6/23/21, at 48-50. At that time, Rivera challenged the trial court's verdict as being at odds with the jury's verdict. **Id**. Rivera timely appealed his judgment of sentence, and both he and the trial court complied with Pa.R.A.P. 1925.

Rivera raises the following issue for our review: "Whether the trial court abused its discretion, or erred as a matter of law, when it found [Rivera] guilty of [h]arassment immediately following a full acquittal of interrelated misdemeanor and felony offenses following a jury trial?" Rivera's Brief at 8.

Rivera claims that the trial court's verdict of guilt is erroneous because it is inconsistent with the jury's verdict of acquittal on the other charges. As a challenge based on inconsistent verdicts "raises a pure question of law, our review is *de novo*." **Commonwealth v. Rose**, 960 A.2d 149, 155 (Pa. Super. 2008) (internal citation omitted); **see also Commonwealth v. Barger**, 956 A.2d 458, 461 (Pa. Super. 2008) (*en banc*).

Although inconsistent verdicts may run contrary to logic, Pennsylvania courts have allowed and upheld them. **See Commonwealth v. Jordan**, 256 A.3d 1094, 1107 (Pa. 2021). This long-standing principle applies in the context of a simultaneous jury and bench trial. **Id**. In a simultaneous jury

and bench trial, the trial court, as an independent fact-finder, is not bound by the jury's verdict, even where the jury acquits on the charges before it. ***Id***.; ***see also Commonwealth v. Yachymiak***, 505 A.2d 1024, 1026-27 (Pa. Super. 1986) (holding that an acquittal "cannot be interpreted as a specific finding in relation to some of the evidence," and inconsistent verdicts in a simultaneous jury and bench trial are not grounds for a new trial or reversal). If we "[w]ere [] to adopt [the] contrary position, the jury could usurp the trial court's proper role as the trier of fact in the bench portion of such proceedings." ***Jordan***, 256 A.3d at 1107 (internal citation omitted).

Rivera argues that the trial court "committed an error of law and abused its discretion when it found [him] guilty of harassment immediately following a full acquittal by a jury of interrelated misdemeanor and felony offenses." Rivera's Brief at 13. He alleges that, given the jury's finding of not guilty for all of the charges it considered, this Court should view "the evidence in a light most favorable to him," and conclude that the trial court could not have found sufficient evidence for physical contact or intent to harass, annoy or alarm G.F. ***Id***. at 18-19.

The trial court considered Rivera's inconsistent verdict claim and determined that it lacked merit. The trial court explained that it rendered an independent finding that the Commonwealth's evidence established Rivera's guilt on the summary harassment charge beyond a reasonable doubt. ***See*** Trial Court Opinion, 8/17/21, at 2.

We discern no error by the trial court in determining that it could render a verdict of guilt independently of the jury's verdict of acquittal. As explained above, inconsistent verdicts are permissible in simultaneous jury and bench trials. **See Jordan**, 256 A.3d at 1107; **see also Yachymiak**, 505 A.2d at 1027. In such proceedings, the trial judge is not bound by the jury's verdict of acquittal and is not required to view the evidence in the light most favorable to the defendant. Instead, as in the instant matter, the trial judge acts as an independent trier of fact. Accordingly, Rivera's issue merits no relief.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

---

[4] Rivera also purports to raise a challenge to the sufficiency of the evidence supporting his summary harassment conviction. **See**, Rivera's Brief at 13, 16. However, in his concise statement, Rivera only challenged the inconsistency of the verdicts, and did not specifically raise a sufficiency challenge. **See Commonwealth v. Moore**, 103 A.3d 1240, 1242 n.3 (Pa. 2014) (recognizing "that a court's review of the evidentiary sufficiency of a particular conviction is separate from its review of inconsistent verdicts"); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that any issues not raised in Rule 1925(b) statement are waived). Moreover, Rivera's concise statement did not identify the specific element(s) of summary harassment that he claims went unproven at trial. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (deeming a sufficiency challenge waived where the concise statement failed to specify the element or elements upon which the evidence was allegedly insufficient to support convictions), *appeal denied*, 250 A.3d 468 (Pa. 2021). Therefore, Rivera failed to preserve a sufficiency challenge for our review.

Date: 04/01/2022