J-S19041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
                                 :
                v.               :
                                 :
                                 :
STEPHEN C. TYRRELL, II           :
                                 :
              Appellant          :     No. 1409 MDA 2022

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000226-2020

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: SEPTEMBER 21, 2023**

Stephen C. Tyrrell, II ("Tyrrell"), appeals from the judgment of sentence imposed following his conviction for, *inter alia*, two counts of the summary offense of criminal mischief.[1] We affirm.

The relevant factual and procedural history of this case can be summarized as follows. In January 2020, Brandy Walton ("Walton") contacted police to report that her residence had been burglarized. When the responding officers arrived, Walton informed them that she had not been at her residence since the prior evening and returned home to find her living room sofa on the front lawn. Walton directed the officers to the back of the residence, where they observed that the lock and chain on Walton's back door had been ripped off, and the back door had been forced open. The officers also observed a

_____

[1] *See* 18 Pa.C.S.A. § 3304(a)(5).

deep gash in the steps leading up to the back door. Both Walton and the officers believed that the intruder had entered the residence through the back door. Walton informed the officers that several items had been stolen from her home, including a 46" Samsung flat screen television, a 40" Hisense flat screen television, and a black Blu-ray/DVD player. Police further observed that the electrical outlet in Walton's bedroom, into which the 40" Hisense television had been plugged, was broken. As part of their investigation, one of the officers questioned Walton's next-door neighbor, Brenda Thomas ("Thomas"), who is Tyrrell's mother. Thomas told the officer that she had been gone for several days and did not notice anything suspicious. The officer advised Thomas to contact him if she were to hear anything.

Approximately one week later, Thomas contacted police to report suspicious activity and requested that an officer come to her home. Thomas informed the responding officer that her son, Tyrrell, had called her the previous evening from jail where he was being held on a burglary charge. During their conversation, Tyrrell told Thomas that there were two televisions located in the storage shed on her property. Thomas gave the officer her consent to search the storage shed. Therein, the officer found a 46" Samsung flat screen television, a 40" Hisense flat screen television, and a black Blu-ray/DVD player. Walton was then brought to the shed, whereupon she identified the items as those that were stolen from her residence. Police

thereafter charged Tyrrell with one count each of burglary and theft, and two counts of the summary offense of criminal mischief.

The matter proceeded to a jury trial on the charges for burglary and theft. At the conclusion of trial, the jury acquitted Tyrrell of burglary but found him guilty of theft. The trial court then conducted a non-jury trial on the summary charges, and found Tyrrell guilty of the two counts of criminal mischief. The court then imposed ten to thirty-six months in prison for theft, and payment of fines for the two counts of criminal mischief.[2] Tyrrell filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Tyrrell raises the following issue for our review: "the trial court erred in finding [Tyrrell] guilty of summary criminal mischief charges." Tyrrell's Brief at 9 (unnecessary capitalization omitted)[3]. Although Tyrrell's issue, as stated, is somewhat vague, we discern from his brief that he purports to challenge the sufficiency of the evidence supporting his convictions for criminal mischief.[4]

---

[2] Although the trial court sentenced Tyrrell at the conclusion of the jury and non-jury trials on September 1, 2022, the sentencing order was not entered on the court docket until September 12, 2022.

[3] Tyrrell does not appeal his conviction for theft.

[4] Although Tyrrell's brief provides the standard of review for a claim of inconsistent verdicts, Tyrrell ultimately states that "the criminal mischief verdicts are not inconsistent. In fact [*sic*] they are very consistent." **See** *(Footnote Continued Next Page)*

Our standard of review for a challenge to the sufficiency of the evidence is well-established:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). In addition:

> the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. . . .

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted). Finally, "the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Melvin*, 103 A.3d 1, 40 (Pa. Super. 2014) (citation omitted).

A person is guilty of criminal mischief if he "intentionally damages real or personal property of another." 18 Pa.C.S.A. § 3304(a)(5).

---

Tyrrell's Brief at 14. Thus, to the extent that Tyrell purported to raise such an issue, we need not address it.

Tyrrell argues that, because the jury found him not guilty of burglary, the trial court should have viewed the evidence in the light most favorable to him, as the verdict winner in relation to the charge for burglary, when conducting the non-jury trial on the criminal mischief charges. Tyrrell asserts that, by finding him not guilty of burglary, the jury found that he did not enter Walton's residence.

Tyrrell additionally maintains that there was no evidence presented that he broke into Walton's home or caused any damage to it. Tyrrell points out that no fingerprint analysis was conducted on the televisions, the broken lock, the couch, or the broken electrical outlet. Tyrrell further contends that the only photos presented were of the gash on the back steps, the broken electrical outlet, and the couch after it had been moved back inside Walton's home. With respect to the electrical outlet, Tyrrell argues that the photo presented at trial fails to depict that the cover was torn off, and merely shows that the outlet is partially pulled from the wall.

The trial court considered Tyrrell's sufficiency challenge and determined that it lacked merit. The court reasoned:

> The jury found that [Tyrrell] apparently did not unlawfully enter [Walton's] premises to commit a crime therein. But[,] the jury found that [Tyrrell] stole [Walton's] personal property which had been located in the premises. [Tyrrell] had not been charged with criminal trespass. The jury did not find that [Tyrrell] was not in the premises. The evidence proved beyond a reasonable doubt that [Tyrrell] unlawfully took the personal property from [Walton's] premises. After [Walton] found the items missing, [she] discovered the damages to her premises which damages had not existed before the items were missing. Beyond a reasonable doubt, [Tyrrell] damaged the premises.

Trial Court Opinion, 12/21/22, at 2.

Initially, we observe that, in simultaneous jury and non-jury trials, the trial court judge is not bound by the jury's verdict of acquittal, and is not required to view the evidence in the light most favorable to the defendant. *See Commonwealth v. Jordan*, 256 A.3d 1094, 1107 (Pa. 2021) (holding that, to adopt a contrary position would permit the jury to usurp the trial court's proper role as the trier of fact in the non-jury portion of such proceedings); *see also Commonwealth v. Yachymiak*, 505 A.2d 1024, 1026-27 (Pa. Super. 1986) (holding that an acquittal "cannot be interpreted as a specific finding in relation to some of the evidence," and inconsistent verdicts in a simultaneous jury and bench trial are not grounds for a new trial or reversal). Further, the fact that the jury acquitted Tyrrell of burglary may not be interpreted as specific factual finding that he did not enter Walton's home or that the jury was not convinced that he did not commit burglary. *See Commonwealth v. Moore*, 103 A.3d 1240, 1246 (Pa. 2014). Rather, an acquittal may merely show lenity on the jury's behalf, or that the verdict was the result of compromise or a mistake on the part of the jury. *Id.*

Moreover, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude the evidence was sufficient to sustain Tyrrell's summary convictions for criminal mischief. Here, the record clearly demonstrates that the Commonwealth presented sufficient evidence linking Tyrrell to the damages caused to Walton's residence. Walton

- 6 -

testified that, upon discovery of the theft, she noticed that the electrical outlet in her bedroom (into which the 40" Hisense flat screen television had been plugged) had been pulled out of the wall. *See* N.T., 7/18/22, at 52. Walton stated that the outlet was undamaged when she left her residence the prior evening. *Id*. at 53. Walton further testified that, following the theft, she discovered a scrape on her back steps which was not there when she left her residence the prior evening. *Id*. Walton then testified that, following the theft, she was unable to use her back door because the lock was broken. *Id*. at 55. Walton indicated that she had to pay for the repairs to her back door and the electrical outlet in her bedroom. *Id*. Finally, Walton testified that, when summoned to the shed at Thomas's residence, she readily identified the two televisions and the blue-ray/DVD player stolen from her home. *Id*. at 59-63. This testimony, which the trial court found credible, enabled the court to reasonably conclude that Tyrrell intentionally caused the enumerated damages to Walton's property during his commission of theft of her household belongings—which theft he does not contest. For these reasons, Tyrrell's sufficiency challenge merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2023

- 7 -