J-S04032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTIAGO SALGADO-OCHOA | : | |
| | : | |
| Appellant | : | No. 165 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000450-2021

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                    **FILED APRIL 23, 2024**

Santiago Salgado-Ochoa ("Salgado-Ochoa") appeals from the judgment of sentence imposed following his conviction for two counts of summary harassment.[1]  Additionally, Salgado-Ochoa's counsel has filed an application to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  After careful review, we grant counsel's application to withdraw and affirm Salgado-Ochoa's judgment of sentence.

In 2020, the minor victim, Y.V. ("Y.V."), reported that her aunt's boyfriend, Salgado-Ochoa, had sexually assaulted her on two occasions.  In January 2021, police charged Salgado-Ochoa with multiple felony and misdemeanor offenses as well as the two counts of summary harassment. The matter proceeded to a simultaneous jury/non-jury trial in March 2022, at which the Commonwealth presented several witnesses, including Y.V., who

_____

[1] 18 Pa.C.S.A § 2709(a)(1).

testified that in January of 2019, when she was fifteen years old, Salgado-Ochoa began rubbing her back as she was bent over picking up his infant child, to which her aunt had just given birth. N.T., 3/9/22, at 49, 52. According to Y.V., Salgado-Ochoa then grabbed both of her breasts, over her clothing, and fondled her. *Id*. at 52. Y.V. stated that she was afraid and had no idea what to do. *Id*.

Y.V. also testified that in June of 2019, Salgado-Ochoa sat next to her on a couch, blew on her neck, touched and squeezed her sides, placed his hand under her sweater, and flicked her nipples. *Id*. at 58-60. Then, Y.V. testified that Salgado-Ochoa reached down and tried to unzip her jeans and attempted to place his hand down the front of her pants. *Id*. at 59-61. After being unable to undo her pants, Salgado-Ochoa began rubbing Y.V.'s vagina over them. *Id*.

Salgado-Ochoa testified at trial and attempted to minimize or deny his conduct. He claimed that a few days after his daughter's birth, he noticed Y.V. holding the infant but not supporting her head. *See* N.T., 3/11/22, at 52. He stated that he grabbed the infant from Y.V. and said, "this is how you do it right[.]" *Id*. Salgado-Ochoa went on to say that "[p]erhaps I could have . . . touched her breast, but . . . [i]t wouldn't have been with bad intention. I was just really trying to take my daughter away from her." *Id*. Salgado-Ochoa expressly denied Y.V.'s allegations of sexual assault. *Id*. at 55-57.

At the conclusion of the simultaneous jury/non trial, the-jury acquitted Salgado-Ochoa of all of the felony and misdemeanor charges and the trial

court then convicted Salgado-Ochoa of two counts of summary harassment.[2] On November 18, 2022, the trial court imposed an aggregate term of two to six months imprisonment to be served concurrently with the sentence imposed in another criminal case against Salgado-Ochoa.[3]

Salgado-Ochoa filed a timely motion for post-sentence relief which the trial court denied. Salgado-Ochoa timely filed a notice of appeal. The trial court ordered Salgado-Ochoa to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After multiple extensions and the appointment of new counsel, counsel submitted a statement of intent to file an **Anders** brief. In this Court, counsel filed an **Anders** brief and an application to withdraw from representation. Salgado-Ochoa did not respond to the application to withdraw. Nor has he filed a brief with this Court.

In the **Anders** brief, counsel identifies the following issue for our review: "Was sufficient evidence presented to support [Salgado-Ochoa's] convictions beyond a reasonable doubt on two counts of harassment?" **Anders** Brief at 3 (unnecessary capitalization omitted).

---

[2] The maximum sentence for each of the summary harassment convictions herein is six months' imprisonment. The right to trial by jury attaches when one is accused of a crime for which the authorized penalty is more than six months imprisonment. **See Commonwealth v. Mayberry**, 327 A.2d 86, 89 (Pa. 1974). Therefore, while felonies and misdemeanors may tried before a jury, summary offenses may not and instead are subject to a non-jury trial by a judge.

[3] The other criminal case, **Commonwealth v. Salgado-Ochoa**, CP-15-CR-1494-2021, was consolidated with the instant case for pretrial proceedings; however, the cases were severed prior to trial. Salgado-Ochoa is appealing the judgment of sentence imposed in the other criminal case at 192 EDA 2023.

Before we assess the substance of the issues raised in counsel's ***Anders*** brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An ***Anders*** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the ***Anders*** brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." ***Commonwealth v. Dempster***, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*) (quoting ***Anders***, 386 U.S. at 744).

Here, in the ***Anders*** brief, counsel provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel concludes those issues are

- 4 -

frivolous. **Anders** Brief at 4-16. Counsel mailed a copy of the **Anders** brief to Salgado-Ochoa, and in her cover letter, she advised him that he could raise any additional issues before this Court *pro se* or with private counsel. Petition to Withdraw as Counsel, 12/11/23, Exhibit 3. As counsel has substantially complied with the requirements of **Anders** and **Santiago**, we will conduct an independent review to determine whether this appeal is frivolous.

The sole issue counsel identifies in the **Anders** brief is a challenge to the sufficiency of the evidence supporting Salgado-Ochoa's harassment convictions. "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Miller**, 217 A.3d 1254, 1256 (Pa. Super. 2019) (quoting **Commonwealth v. Bradley**, 69 A.3d 253, 255 (Pa. Super. 2013)). We conduct this review *de novo*. **Commonwealth v. Hall**, 199 A.3d 954, 960 (Pa. Super. 2018). The Commonwealth may sustain its burden with wholly circumstantial evidence, and in matters of credibility, we defer to the finder of fact, who was free to believe all, some, or none of the evidence. **Id**. So long as the prosecution presented some evidence of each element of the crime, we will not find the evidence insufficient unless it is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Miller**, 217 A.3d at 1256.

Where a simultaneous jury/bench trial is conducted and the defendant is not subjected to a subsequent trial following an acquittal, the trial court is not bound by the jury's credibility determinations and may make findings different from and inconsistent with the jury's findings. **Commonwealth v. Wharton**, 594 A.2d 696, 699 (Pa. Super. 1991); **Commonwealth v. Yachymiak**, 505 A.2d 1024, 1027 (Pa. Super. 1986) (explaining that jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal may be nothing more than the jury's decision to show lenity).

A person "commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." **Commonwealth v. Cox**, 72 A.3d 719, 721 (Pa. Super. 2013).

Counsel maintains that a sufficiency challenge would be frivolous because the Commonwealth presented sufficient evidence to support the harassment convictions. **Anders** Brief at 15. Counsel explains that, although the jury was asked to determine whether Salgado-Ochoa **sexually** touched Y.V. on two occasions, the jury was not asked to consider the separate question of whether Salgado-Ochoa subjected Y.V. to **any** physical contact with the intent to harass, annoy, or alarm because the offense of harassment

was not before the jury. Counsel indicates that the trial court may have determined that Y.V.'s descriptions of the incidents where Salgado-Ochoa rubbed her back, blew on her neck, and rubbed her sides constituted sufficient physical contact with the intent to harass, annoy, or alarm to find Salgado-Ochoa guilty of two counts of harassment. Counsel concludes that, when viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, the evidence was sufficient to sustain Salgado-Ochoa's harassment convictions.[4]

Here, the trial court heard testimony from Y.V. during the trial where she described an incident in January 2019 in which Salgado-Ochoa rubbed her back. **See** N.T., 3/9/22, at 49, 52. Y.V. further testified that, in June 2019, Salgado-Ochoa blew on her neck and squeezed her sides, making her uncomfortable. **Id**. at 58-60. In rendering its verdict, the trial court found Y.V.'s testimony credible, and determined that Salgado-Ochoa subjected her to physical contact with the intent to harass, annoy or alarm her. N.T., 11/28/22, at 28-29.

_____

[4] Counsel also attempted to challenge the harassment convictions based on double jeopardy and collateral estoppel principles, but those principles are inapplicable to a simultaneous jury/bench trial where different crimes are decided by the jury and the judge. **See Commonwealth v. Jordan**, 256 A.3d 1094 (Pa. 2021) (holding that inconsistent verdicts rendered by separate factfinders in a simultaneous jury and bench trial do not implicate double jeopardy and collateral estoppel concerns).

Based on this record, we conclude that the Commonwealth presented sufficient evidence to support Salgado-Ochoa's convictions for harassment. Although the Commonwealth did not present evidence of Salgado-Ochoa's intent when touching Y.V. on those two occasions, the trial court was permitted to infer that he intended to harass her based on the totality of the circumstances. *See Cox*, 72 A.3d at 721. Thus, we conclude that any challenge to the sufficiency of the evidence is frivolous.

Further, our independent review of the record does not reveal any additional non-frivolous issues. *See Dempster*, 187 A.3d at 271. Accordingly, we grant counsel's application to withdraw and affirm Salgado-Ochoa's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024