478 A.2d 813

COMMONWEALTH of Pennsylvania

v.

Ferron CROMWELL, Appellant.

COMMONWEALTH of Pennsylvania

v.

Matt S. HILL, Appellant.

COMMONWEALTH of Pennsylvania

v.

Roger WINTER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 21, 1983.

Filed March 16, 1984.

Reargument Denied May 16, 1984.

Petition for Allowance of Appeal Denied Oct. 1, 1984.

See also 324 Pa.Super. 255, 471 A.2d 826; 324 Pa.Super. 258, 471 A.2d 827.

Alan Ellis, Philadelphia, for Cromwell, appellant (at No. 1405).

Robert C. Fogelnest, Philadelphia, for Hill, appellant (at No. 1406).

George Henry Newman, Philadelphia, for Winter, appellant (at No. 1407).

Daniel Lee Howsare, District Attorney, Bedford, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

Ferron Cromwell, charged with committing multiple burglaries in several counties, was tried and acquitted of four burglary charges in Somerset County. Cromwell, and also Matt Hill and Roger Winter, contend that because of Cromwell's acquittal in Somerset County, the Commonwealth is collaterally estopped from prosecuting them in Bedford County for burglaries allegedly committed there. We disagree and affirm the order denying motions to dismiss prosecutions pending against them in Bedford County.

▆ Jurisdiction of criminal actions in Pennsylvania is only countywide. *Commonwealth v. Nichelson,* 294 Pa.Super. 438, 445, 440 A.2d 545, 549 (1982). It follows that prosecutions for burglaries allegedly committed in different counties cannot be consolidated for trial. Prosecution of Cromwell for burglaries allegedly committed by him in Bedford County, therefore, is not barred by 18 Pa.C.S. § 110(1)(ii) even if it be subsequently determined that all burglaries were part of the same criminal episode. See: *Commonwealth v. Simeone,* 222 Pa.Super. 376, 294 A.2d 921 (1972).

▆ Appellants' argument that the Commonwealth is collaterally estopped from prosecuting them in Bedford County is based upon the assumed fact that the Commonwealth will be required to rely in whole or in part upon the testimony of accomplices [1] whose credibility was successfully challenged during the trial in Somerset County. Inas-

---

1. These witnesses include Paul Theodore Cromwell, the father of Ferron Cromwell, as well as Thomas Hughes, Sheila Barton and Pearl Wilt.

much as the testimony of these witnesses was found not credible in Somerset County, it is argued, the credibility issue has been determined finally. Under this concept, the credibility of these witnesses could not be litigated in Bedford County even though the crimes there in issue were separate and distinct from the offenses for which Cromwell was tried in Somerset County and even though the evidence would not necessarily be the same.

The Fifth Amendment prohibition against placing a person twice in jeopardy for the same offense includes principles of collateral estoppel. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Commonwealth v. Hude, (Hude I),* 492 Pa. 600, 425 A.2d 313 (1980); *In the Interest of R.R.,* 317 Pa.Super. 334, 464 A.2d 348 (1983); *Commonwealth v. Brown,* 281 Pa.Super. 348, 422 A.2d 203 (1980). Collateral estoppel is issue preclusion. *In the Interest of R.R., supra,* 317 Pa.Super. at 345, 464 A.2d at 354; *Commonwealth v. Lewis,* 306 Pa.Super. 81, 83, 452 A.2d 13 (1982), quoting *Commonwealth v. Hude, supra* 492 Pa. at 617, 425 A.2d at 322. " 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that *when an issue of ultimate fact has once been determined* by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Commonwealth v. Brown,* 503 Pa. 514, 518, 469 A.2d 1371, 1373 (1983); *Commonwealth v. Peluso,* 481 Pa. 641, 645, 393 A.2d 344, 346–347 (1978), quoting from *Ashe v. Swenson, supra* 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475 (emphasis added). The principle has been incorporated into the Crimes Code in Pennsylvania at 18 Pa.C.S. § 110(2), where it is provided as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

. . . .

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment *necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.*

(emphasis added). See also: *Commonwealth v. Schomaker,* 501 Pa. 404, 407–408, 461 A.2d 1220, 1221–1222 (1983); *Commonwealth v. Hude, supra,* 492 Pa. at 614, 425 A.2d at 320–321.

The law is clear that collateral estoppel is available as a defense to a criminal charge only where the defendants are the same as the parties to the prior adjudication. See: *Commonwealth v. Brown,* 473 Pa. 458, 463–465, 375 A.2d 331, 334–335 (1977); *Commonwealth v. Winter,* 324 Pa.Super. 255, 257, 471 A.2d 826, 827 (1983); *Commonwealth v. Lewis, supra,* 306 Pa.Super. at 85–86, 452 A.2d at 15; *Commonwealth v. Hamlin,* 302 Pa.Super. 86, 89 n. 1, 448 A.2d 538, 539 n. 1 (1982), *aff'd,* 503 Pa. 210, 469 A.2d 137 (1983). See also: *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980). Because Winter and Hill were not parties to the criminal action in Somerset County, the defense of collateral estoppel is not available to them as a defense to burglary charges in Bedford County.

■ Ferron Cromwell can assert the defense of collateral estoppel to the present charges in Bedford County only if an issue of *ultimate fact* has already been determined by the verdict of acquittal in Somerset County. The Crimes Code expresses the same conceptual requirement when it provides that a subsequent prosecution will be barred when a prior acquittal "necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense." 18 Pa.C.S. § 110(2). This requires that we

> ... examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury

could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

*Commonwealth v. Hude, supra* 492 Pa. at 612, 425 A.2d at 319–320, quoting *Ashe v. Swenson, supra* 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–476. See also: *Commonwealth v. Grazier*, 481 Pa. 622, 632, 393 A.2d 335, 340 (1978). To assist in this determination, we use a three step approach and make:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*Commonwealth v. Hude, supra* 492 Pa. at 613, 425 A.2d at 320 (citations omitted).

When we apply these tests to the instant matter, we find that the ultimate issues in the two actions are entirely dissimilar. The facts found by the Somerset County jury which acquitted Cromwell on burglary charges in that County are not material to the charges in Bedford County. They do not prevent a jury in the latter county from making a completely separate and different inquiry. The issues requiring adjudication in the Bedford County prosecution have not been litigated in Somerset County. Whether Cromwell participated in the burglaries with which he has been charged in Bedford County was not an issue of ultimate fact in Somerset County.

It is true, as Cromwell contends, that the testimony of witnesses who said that they had been his accomplices during the commission of offenses in Somerset County was found to be of such questionable credibility that the jury hearing the evidence refused to rest a finding of guilt on it. Credibility of testimony, as a general rule, is not an ultimate fact. Rather, it is an evidentiary fact which, when

determined, enables the factfinder to move beyond the evidence and make findings of ultimate facts. Under certain circumstances, a determination of credibility may also constitute determination of ultimate fact. Thus, in *Commonwealth v. Hude, supra,* where the defendant had been charged with twenty counts of possession and delivery of drugs to the same person over a two month period and the only witness to all such alleged offenses was the same, self-confessed drug seller, an acquittal on three counts barred a subsequent prosecution of Hude for perjury with respect to testimony given in the drug trial. In the drug trial, it had been oath against oath. Therefore, a determination of the credibility of the witnesses in that trial was also a determination of the ultimate fact in a prosecution of Hude for perjury. See also and compare: *Commonwealth v. Schomaker, supra* 501 Pa. at 408, 461 A.2d at 1222.

In the instant case, the credibility of the testimony of Cromwell's alleged accomplices with respect to the Somerset County burglaries is not an ultimate fact to be determined in the trial for burglaries allegedly committed in Bedford County. Although Cromwell's alleged accomplices will most likely appear as Commonwealth witnesses in the proceedings in Bedford County, the jury's determination that their testimony was not credible as it pertained to the Somerset County burglaries is not "necessarily ... inconsistent with [any] fact which must be established for conviction of the [offenses allegedly committed in Bedford County]." The testimony of these witnesses will be different. It will pertain to events separate and distinct from the events which were the subject of their prior testimony. Other evidence, whose credibility has not previously been assessed, will be available in all likelihood for use in the Bedford County action. That evidence, with or without the testimony of the alleged accomplices, may cause a jury to find Cromwell guilty beyond a reasonable doubt of committing one or more burglaries in Bedford County. The fact that the alleged offenses in Bedford County involve entirely different issues prevents the Bedford County prosecution

from becoming slave to the not guilty finding made in Somerset County. See: *Commonwealth v. Winter,* 324 Pa.Super. 258, 263, 471 A.2d 827, 830 (1984).

The circumstances of the instant case do not paint a picture of prosecutorial harassment. The Commonwealth is not attempting to retry an acquitted defendant with the same evidence. A fair review of the record in the Somerset County prosecution leaves no doubt that Cromwell's alleged participation in burglaries in Bedford County was not adjudicated in Somerset County, and no fact there decided is necessarily inconsistent with a fact which must be established for conviction in Bedford County. The issues were different. Therefore, the present actions are not barred by Cromwell's prior acquittal in Somerset County.

Orders affirmed.