# Lenair v. Campbell

*David M. Giles,* for plaintiff.
*Gilbert Spiegel,* for defendant.

DOTY, *J.,* November 8, 1984—This matter comes before the court on a complaint in equity seeking injunctive relief. On March 11, 1983, a special restraining order was issued by the Honorable Thomas J. White. A hearing on the permanent injunction was held before this court on March 17, 1983. On that date this court issued a permanent injunction thereby ordering defendant to refrain from efforts to evict plaintiff by methods other than those prescribed in the Landlord and Tenant Act of 1951; to restore operation of all utilities and to make certain repairs. A copy of that order is annexed hereto.

Upon hearing, this court makes the following findings of fact and conclusions of law

## FINDINGS OF FACT

1. Plaintiff, Mattie Lenair, resides at 1233 Hazzard Street, Philadelphia, Pa. (hereinafter known as "leased premises").

2. Defendant, William Campbell, owns and manages the leased premises.

3. During October of 1972, plaintiff and defendant entered into an agreement whereby the leased premises was leased to plaintiff by defendant at a monthly rental of $70.

4. That pursuant to the terms of the leased agreement, defendant covenanted to supply the facilities for the service of hot and cold water, electric and gas to the leased premises.

5. Plaintiff is 60 years of age: partially blind and crippled; suffers from two recent strokes and has stomach cancer and diabetes.

6. Plaintiff's son, Kenneth Lenair, has lived with plaintiff for the last six months.

7. On October 4, 1982, defendant sent plaintiff a notice to vacate the premises.

8. On March 9, 1983, at approximately 8:00 a.m., Kenneth Lenair left for Wilford Academy (where he regularly attends school).

9. At that time, all utilities servicing the leased premises were operating (i.e., electric, gas, and water). All windows and doors to the leased premises were also operable. The hot water heater which had been installed approximately six months ago was also connected and operable.

10. On March 9, 1983, between 8:30 and 9:00 a.m., defendant and two other individuals went to the leased premises. Defendant informed plaintiff that he wanted to go into the leased premises to make some repairs.

11. Defendant intentionally and without regard to plaintiff's health and safety, removed all the windows and doors from the leased premises.

12. Defendant also intentionally removed the hot water heater servicing the leased premises and put an old and inoperable hot water heater in its place.

13. Defendant also removed the gas pipes from plaintiff's home and the wall socket from plaintiff's

bathroom thereby causing the gas servicing plaintiff's home and the electric servicing the plaintiff's bedroom to be terminated.

14. On March 9, 1983, at approximately 9:45, Kenneth Lenair received a phone call from his girlfriend informing him that there was an emergency at the leased premises and his mother needed him at home.

15. Kenneth Lenair returned to the leased premises at approximately 10:00 to 10:30 a.m., on said date and found the leased premises to be in the condition described in paragraphs 10, 11 and 12.

16. Rather than pursuing the statutory remedy for repossession provided by the Pennsylvania Landlord and Tenant Act of 1951, 68 P.S., §250.501, et seq., or maintaining an ejectment proceeding defendant undertook to complete a "self help" eviction by removing all windows and doors, the hot water heater, gas pipes, and the electrical outlets in plaintiff's bedroom.

17. Plaintiff immediately brought suit and was granted a special restraining order on March 11, 1983, by the Honorable Thomas White of the Court of Common Pleas requiring defendant to restore the full use of all the utilities and repair the windows, doors, gas pipes, hot water heater, and the wall socket in plaintiff's bedroom.

18. Defendant refused to honor the special injunction and failed to restore the utilities or make any of the necessary repairs required by Judge White's special injunction order of March 11, 1983.

## CONCLUSIONS OF LAW

1. A landlord who desires to repossess the leased premises from a tenant may not undertake a self-help (without legal process) eviction or dispossession of his tenant because the tenant did not vacate

the premises when the landlord desired or was behind in the rental payments to the landlord.

2. A landlord who desires possession of the leased premises because of non-payment of rent or failure of the tenant to vacate can only evict the tenant by bringing an action under the Landlord and Tenant Act of 1951, 68 P.S. §250.501, et seq., or by brining an action in ejectment.

3. The Landlord and Tenant Act of 1951 provides the sole remedies and procedures for a landlord seeking to evict a tenant.

## DISCUSSION

The question presented to this court is whether a landlord may implement "self-help" measures rather than employ the procedures for eviction as specified in the Landlord and Tenant Act of 1951. Because we find that the Landlord and Tenant Act of 1951 provides the exclusive procedures and remedies of an aggrieved landlord, we conclude that any method of self-help eviction is improper under the laws of this Commonwealth.

Self-help eviction can be defined as any action taken by the landlord other than judicial process, which serves to evict or has the tendency to evict a tenant. Such acts include barring entry by the tenant, removing the tenant's personal property, the use of force or violence, or by deteriorating the physical condition of the premises by reducing or discontinuing utility services or by removing parts of the structure itself such as doors or windows.

While it does not appear that there was a common law "right" to self-help eviction, it does appear that the remedy was permissible under certain circumstances. Self-help eviction was deemed permissible where a tenant held over at the end of his lease.

Overdeer v. Lewis, 1 S.&S. 90 (Pa. 1841), although it was impermissible to employ self-help for non-payment of rent. Clark v. Everly 8 W.&S. 226 (Pa. 1844). The rights and remedies as they existed at common law, however, have been substantially altered by subsequent statutory enactments.

The current statutory scheme governing the landlord/tenant relationship is the Landlord and Tenant Act of 1951, 68 P.S. §250.101 et seq. That statute specifically designates two procedures utilizing judicial process for recovering possession of leased premises. See 68 P.S. §250.501-510 and 68 P.S. §250.511. Upon reviewing the act in its entirety, it becomes apparent that self-help eviction is not a remedy under any circumstances.

In the text of the Landlord and Tenant Act of 1951 the legislature clearly expressed its intention that the Act be the sole source of rights, remedies and procedures governing the landlord/tenant relationship. Section 602 of the act provides:

"All other acts and parts of acts, general, local and special, inconsistent with or supplied by this act, are hereby repealed. It is intended that this act shall furnish a complete and exclusive system in itself, 1951, April 6, P.L. 69, Art. VI, Section 602, 68 P.S. §250.602."

As previously discussed, the statutory scheme sets forth two procedures whereby a landlord, through utilization of judicial process, may obtain possession of the leased premises. Moreover, §103 of the act codifies ten pre-existing rights of landlords and tenants which are to remain unaffected by the act, and significantly, the right of self-help is not mentioned in that section. Therefore, we conclude that self-

help eviction is not a remedy available to a landlord.*

Appellate decisions in this Commonwealth support the conclusion that the legislature envisioned the Act as a complete and exclusive remedy for a landlord seeking to vindicate his rights. See e.g., Ewing v. Oliver Realty, 305 Pa. Super. 486; 451 A.2d 751, 56 (1982), Peitzman v. Seidman, 285 Pa. Super. 228, 427 A.2d 196 (1981). Moreover, in an analogous situation, the Pennsylvania Supreme court clearly expressed its view that self-help shall not be employed where judicial procedures are available, Berman v. City of Philadelphia, 425 Pa. 13, 228 A.2d 189 (1967). Berman involved a situation where certain commercial properties had been thought to be in noncompliance with local zoning ordinances. As a consequence, the police department ordered utility lines leading to the building disconnected and the locks on the entrances changed, The Supreme Court condemned the police department's action, saying:

"We conclude that the failure of the Court below to insist that the police resort to the available legal machinery rather than forcibly evicting appellants, thereby insuring the dignity of the legal process, did amount to an abuse of discretion." 425 Pa. at 16.

---

* There are numerous other decisions in the Pennsylvania Court of Common Pleas which have condemned self-help eviction and have granted injunctive relief to tenants evicted by self-help. See, e.g., Wofford v. Vavreck, (C.C.P. Crawford Co. 1980); Perine v. Novay, (C.C.P. Allegheny Co. 1975); Ebersole v. Nasehood, (C.C.P. Perry Co. 1975); Buffington v. Ballester, (C.C.P. Chester Co. 1976); Venezia v. Stake, (C.C.P. Franklin Co. 1977); Beutzel v. Pennebaker, (C.C.P. Dauphin Co. 1975); and Morrison v. Brungard, (C.C.P. Lycoming Co. 1974).

Accordingly, we conclude that because the Courts of this Commonwealth have clearly articulated their disdain for measures which circumvent peaceable judicial process, self-help eviction measures cannot be deemed to be a lawful remedy for landlords.

Finally, we note that this conclusion is also mandated by the Pennsylvania Supreme Court's decision in Pugh v. Holmes, 486 Pa. 272, 405 A.2d 897 (1979). There the court held that all residential leases contain an implied warranty of habitability which obligates the landlord to maintain the premises in a habitable condition, including the duty to provide the tenant with essential utility services. The court established that a breach of the implied warranty enables the tenant to pursue a number of remedies provided for by law. If we were to permit a landlord to utilize self-help, the implied warranty of habitability recognized in Pugh v. Holmes would become illusory.

Therefore, based on all of the foregoing, we hold that defendant's actions in the instant matter constituted an impermissible self-help eviction and an injunction shall issue.