## Commonwealth v. Beaver

*Frederick D. Lingle,* special prosecutor, for the Commonwealth.

*David J. Foster,* for defendant.

BROWN, *P.J.,* June 7, 1985 — Defendant has been charged with four counts of perjury in violation of §4902 of the Crimes Code. He is charged with committing that crime during the trial of Commonwealth v. George Hebel (no. 249-83-Criminal Division) which occurred during the time period of April 18, 1984. One of the issues at the Hebel trial involved the whereabouts of defendant Hebel's 1973 Chevrolet Blazer during the early part of February of 1980. Defendant Beaver testified with regard to the unavailability of Hebel's Blazer for use in committing the criminal conduct charged against Mr. Hebel.

In response to various questions at Hebel's trial, defendant Beaver gave the following responses which formed the basis for the current charges:

Count no. 1: "Do you have any recollection about the February 3, to February 4, 1980, date as to whether said vehicle, a 1974 Chevrolet Blazer owned by George Evan Hebel, was inside or outside your place of business?" "No, it was there from January to July of 1980."

Count no. 2: Defendant is charged with making a false statement under oath in that he did state that George Hebel's vehicle, a 1973 Chevrolet Blazer, was with him from January of 1980 to July, 1980.

Count no. 3: That defendant did testify that there was no time during the period of January to July, 1980 that the vehicle, a 1973 Chevrolet Blazer owned by George Hebel, wasn't in or around his place of business.

Count no. 4: That defendant did testify that during the period of February 3 to February 4, 1980, George Hebel's vehicle, a 1973 Chevrolet Blazer, was in his garage, and that it had been there since January of 1980.

During the early part of April, 1984, defendant Hebel was also tried in Perry County on charges of robbery which allegedly occurred in April of 1980. Defendant Beaver was a witness on behalf of Mr. Hebel in the Perry County proceedings and gave similar testimony that defendant Hebel's Blazer was in or at his garage in Newport for the whole period between January and July of 1980. Defendant Hebel was found not guilty by the jury on those charges.

As a result of the Perry County proceedings, defendant Beaver was arrested and charged with four counts of perjury arising out of his testimony at the Hebel trial in Perry County. On December 6, 1984 following a trial by jury, defendant Beaver was found not guilty of those perjury charges.

In his motion to dismiss, defendant argues that the issue of whether his testimony was perjury on this subject has already been decided by the Perry County Jury, and that, under the principle of double jeopardy as refined by principles of collateral estoppel, the Clinton County charges must be dismissed. In making this argument, defendant concedes that, since these are two separate and distinct trials arising from two separate and distinct incidents, traditional double jeopardy is not, in and of itself, a bar to the Clinton County charges. Instead he relies upon the doctrine of collateral estoppel which does not require that the offense as charged in the two prosecutions be the same. In essence his argument is that collateral estoppel bars a redetermination of those issues necessarily determined in the first pro-

ceeding and requires a first judgment in the first proceeding.

## DISCUSSION AND CONCLUSIONS OF LAW

Defendant argues that §110 of the Crimes Code prevents his prosecution for perjury in Clinton County. The applicable portions of §110 are as follows:

"§110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

. . .

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense." 18 Pa.C.S. §110.

This section of the Crimes Code statutorily embodies the constitutional principle of collateral estoppel as derived from the double jeopardy clause. The United States Supreme Court has held that collateral estoppel will act to prevent a prosecution "when an issue of ultimate fact has once been determined by a valid and final judgment." Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed 2d 469 (1970). The Ashe case protects the criminal defendant by providing that a previously litigated issue of ultimate fact may not be relitigated between the same parties in a future lawsuit. This broad principal poses many difficulties in its application. In this case defendant's previous acquittal in Perry County

was based upon a general verdict. When a prior determination is made in the form of a general verdict the Supreme Court requires a trial court to examine all the aspects of the prior proceedings including the pleadings, evidence and the judge's charge to determine whether "a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Sealfon v. United States, 332 U.S. 575, at 579, 68 S. Ct. 237, at 240, 92 L.Ed. 180.

Subsection 2 of §110 requires the trial court to make a thorough factual investigation of the previous court proceedings to establish what facts and issues were determined in defendant's favor. The Pennsylvania Supreme Court has developed a three-step approach to assist in this judicial determination. The trial court must make "1. An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine (of collateral estoppel); 2. an examination of the record of the prior case to determine whether the issue was 'litigated in the first case'; 3. An examination of the record of the prior proceedings to ascertain whether the issue was necessarily decided in the first case." Commonwealth v. Hude, 492 Pa. 600, 425 A.2d 313 (1980). This three step approach can be utilized to determine whether defendant's prior acquittal necessarily required a determination inconsistent with a fact which must be established for a conviction of perjury in Clinton County.

Using the Hude case's three step approach this court can determine that the issues in defendant's two cases are sufficiently similar (the ultimate issue of fact is whether Jerry Lynn Beaver was lying when he testified to the whereabouts of George Hebel's Blazer from January, 1980 through July,

1980). The testimony in George Hebel's Clinton County and Perry County trials was sufficiently similar. Defendant Beaver's testimony was sufficiently material in both actions; in both actions his testimony was the nexus of the perjury charge. An examination of the record in the prior case reveals that the jury litigated this issue of ultimate fact in defendant Beaver's favor. The jury necessarily had to determine this issue of ultimate fact in order to return a verdict in defendant's favor.

The Commonwealth objects to defendant's double jeopardy and collateral estoppel arguments under §110 of the Crimes Code. The Commonwealth relies on the case of Commonwealth v. Cromwell, 329 Pa. Super. 329, 478 A.2d 813 (1984), which dismisses a defendant's collateral estoppel claim under 18 Pa.C.S. §110(1)(ii). This subsection of §110 requires that both prosecutions be within the jurisdiction of a single court. Defendant in the Cromwell case committed acts within the same course of conduct in two separate and distinct counties. His prosecution in the second county arose from the same conduct as his previous criminal prosecution. Defendant in Cromwell was outside the scope of the requirements of subsection 1(ii). His offenses were clearly not within the jurisdiction of a single court. However, defendant in the instant case relies on subsection two which does not contain the requirement that both prosecutions be within the jurisdiction of a single court. Collateral estoppel under subsection two requires an identity of parties. The Commonwealth argues that there is no identity of parties in this case because defendant could never be prosecuted for the Clinton County perjury offense in Perry County. It would destroy the principle of collateral estoppel to refuse a claim under subsection two on the basis that there was not an identity of parties with regard to the Common-

wealth. The Commonwealth is the prosecutor in both cases regardless of the fact that one county's district attorney has no power to prosecute an offense in another county.

The Commonwealth argues that collateral estoppel is not available to defendant Beaver because his perjury offenses were two separate and distinct acts. Section 110 of the Crimes Code provides for the application of collateral estoppel when a prosecution is based on different facts. The different facts in this case are that defendant Beaver testified to substantially the same facts at two separate trials, one in Clinton County and one in Perry County. The fact that his testimony was substantially similar in both trials affords defendant the protection of subsection two, even though he was charged with two separate offenses. Defendant's Perry County trial necessarily required a determination inconsistent with a fact which must be established for his conviction of perjury in Clinton County. The peculiar nature of the crime of perjury provides defendant this protection because a Perry County jury has already determined that defendant was not lying when he testified as to the whereabouts of Mr. Hebel's vehicle. A rational jury in Clinton County could not ground a verdict of guilty against defendant without considering the issue which defendant seeks to foreclose from relitigation. This clearly violates defendant's constitutional rights and his statutory rights under 18 Pa.C.S. §110.

## ORDER

And now, June 7, 1985, based upon the foregoing opinion, it is hereby order that defendant's motion to dismiss be granted and that the within information be dismissed and defendant be, discharged from these proceedings.