623 A.2d 341

COMMONWEALTH of Pennsylvania

v.

**Earl R. GROFT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1992.

Filed April 14, 1993.

Julianne M. Keri, Somerset, for appellant.

James M. Jacobs, Asst. Dist. Atty., Somerset, for Com., appellee.

Before WIEAND, CIRILLO and CERCONE, JJ.

WIEAND, Judge:

Earl R. Groft, a fifty-six (56) year old adult male, was tried by jury and was found guilty of defiant trespass,[1] based upon his refusal to leave the home of his mother after she repeatedly told him to find another place to live. Following the denial of post-trial motions, Groft was sentenced to pay a fine of three hundred ($300.00) dollars, pay the costs of prosecution

1. 18 Pa.C.S. § 3503(b)(1)(i).

and undergo imprisonment for not less than eighty-one (81) days nor more than one (1) year.[2] On direct appeal from the judgment of sentence, Groft contends that: (1) there was insufficient evidence to sustain his conviction; (2) the filing of a criminal charge was improperly employed as a substitute for a civil action in ejectment; (3) prosecution was barred by principles of double jeopardy and collateral estoppel; and (4) the trial court abused its discretion in imposing sentence.

"The crime of defiant trespass occurs when a person remains in a place where he is not privileged to remain after notice of trespass is given." *Commonwealth v. Conyers*, 238 Pa.Super. 386, 389, 357 A.2d 569, 570 (1976) (footnote omitted). See also: *Commonwealth v. Evans*, 393 Pa.Super. 500, 507, 574 A.2d 1051, 1055 (1990); *Commonwealth v. Sherlock*, 326 Pa.Super. 103, 106 n. 1, 473 A.2d 629, 631 n. 1 (1984). The offense is defined by statute as follows:

**(b) Defiant trespasser.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor; or

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(iii) fencing or other enclosure manifestly designed to exclude intruders.

(2) An offense under this subsection constitutes a misdemeanor of the third degree if the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person. Otherwise it is a summary offense.

18 Pa.C.S. § 3503(b).

In this case, appellant was charged with defiant trespass, pursuant to 18 Pa.C.S. § 3503(b)(1)(i), because he defied the orders of his mother, personally communicated to him, that he move out of her home. Appellant contends that the evidence

---

**2.** Groft was given credit for time served and immediately placed on parole upon the conditions that he obtain a mental health evaluation and maintain a separate residence.

at trial was insufficient to sustain his conviction because the Commonwealth failed to prove: (1) that he was not licensed or privileged to remain at his mother's home; (2) that he possessed the required knowledge that he was not licensed or privileged to remain at his mother's home; and (3) that he had been given notice against further trespass.

In evaluating a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor. We then determine whether the evidence is sufficient to permit a jury to determine that each and every element of the crime charged has been established beyond a reasonable doubt. See: *Commonwealth v. Smith*, 523 Pa. 577, 581, 568 A.2d 600, 602 (1989); *Commonwealth v. Aulisio*, 514 Pa. 84, 91, 522 A.2d 1075, 1079 (1987). It is the function of the jury to pass upon the credibility of the witnesses and to determine the weight to be accorded the evidence produced. The jury is free to believe all, part or none of the evidence introduced at trial. See: *Commonwealth v. Guest*, 500 Pa. 393, 396, 456 A.2d 1345, 1347 (1983); *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975). Moreover, the facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), quoting *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943).

The evidence at trial established that appellant had been living continuously in his mother's home for twenty-five to thirty years. There was also evidence that he had contributed money towards the purchase of the land on which the house had been built and that he had helped his father and brother construct the house. However, the title to the home was vested in appellant's mother. For a period of four to five years prior to trial, appellant and his mother had been unable

to get along with each other; and the mother, as well as other family members, had told appellant on numerous occasions that he should move out of his mother's home and find a place of his own. Appellant refused his mother's demands that he vacate her home. He was tried non-jury and found guilty of defiant trespass in 1989 and thereafter continued his refusal to move from his mother's home and establish a residence of his own.[3]

When this evidence is viewed most favorably to the Commonwealth, it is clear that appellant had notice and was fully aware of the fact that he no longer was licensed or privileged to remain in his mother's home. This had been communicated to appellant by his mother and by other family members over a period of five years. Indeed, even after being convicted the first time of defiant trespass, appellant continued in his refusal to move from his mother's home, even though a condition of his probation required him to maintain a separate home. Under these circumstances, there can be no doubt that appellant had been told and knew that he was no longer permitted to live in his mother's home.

There also was ample evidence to establish that, in fact, appellant was not licensed or privileged to remain in his mother's home. Although he had contributed to purchasing the land and had worked in the construction of the home, appellant had no ownership interest therein. The home was owned by the mother, and appellant had no interest therein which would entitle him to remain there. Thus, his mother could properly determine that her fifty-six year old son should no longer be permitted to live in her home.

Appellant contends that his mother is abusing the criminal process by attempting to evict him by a criminal prosecution, thereby avoiding the payment of court costs and attorney's fees which would have been incurred in a civil action. He argues that a dispute between a mother and son of

3. Appellant filed a direct appeal in the Superior Court from the prior judgment of sentence, but, on September 17, 1991, the Court affirmed his conviction by an unpublished memorandum. On April 4, 1992, the Supreme Court denied appellant's petition for allowance of appeal.

the nature involved in this case should more properly be addressed in a civil action rather than in criminal court.

While it may be true, as appellant suggests, that a civil action could have been brought by his mother, this does not necessarily make inappropriate a criminal prosecution based upon the same events. The subject matter addressed in a civil lawsuit and a criminal prosecution do not have to be mutually exclusive. Rather, "it is elementary that a person may offend against the Commonwealth and also be liable for civil damages or other relief growing out of the same offense." *Pearl Assurance Co. v. National Insurance Agency*, 151 Pa.Super. 146, 157, 30 A.2d 333, 338 (1943). See also: 1 Pa.C.S. § 1929. Because there was sufficient evidence that appellant did, in fact, commit the crime of defiant trespass, it cannot be said that the criminal process was abused by the instant prosecution.

■ "The constitutional prohibition [against] double jeopardy has been held to consist of three separate guarantees: (a) protection against a second prosecution for the same offense after an acquittal; (b) protection against a second prosecution for the same offense after conviction; and (c) protection against multiple punishments for the same offense." *Commonwealth v. Tarver*, 493 Pa. 320, 324–325, 426 A.2d 569, 571 (1981). See also: *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665 (1969); *Commonwealth v. Kemmerer*, 526 Pa. 160, 163 n. 4, 584 A.2d 940, 942 n. 4 (1991). "The doctrine of collateral estoppel, which is part of the concept of double jeopardy, 'requires that where an ultimate fact has been necessarily established *in favor of a defendant* in a former prosecution, the issue may not be relitigated in any subsequent proceeding against the defendant.'" *Commonwealth v. Wharton*, 406 Pa.Super. 430, 432, 594 A.2d 696, 697 (1991), quoting *Matter of Huff*, 399 Pa.Super. 574, 578 n. 5, 582 A.2d 1093, 1095 n. 5 (1990) (en banc), *aff'd*, 529 Pa. 442, 604 A.2d 1026 (1992). See also: *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980).

Appellant contends that he has been prosecuted a second time for defiant trespass, based upon the very same conduct, i.e., his refusal to leave his mother's home. In addressing this contention, we are guided by the United States Supreme Court's seminal decision in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), where the Court explained that:

the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding. See *Dowling v. United States*, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). On the other hand, a State cannot avoid the dictates of the Double Jeopardy Clause merely by altering in successive prosecutions the evidence offered to prove the same conduct.

*Id.* at 521–522, 110 S.Ct. at 2093, 109 L.Ed.2d at 564–565 (footnotes omitted). Therefore, "[i]n order to constitute the 'same offense' for double jeopardy purposes, the 'conduct' used to establish an essential element of the subsequent charge, must be *conduct for which the defendant was convicted* in the first prosecution." *Commonwealth v. Yingling*, 407 Pa.Super. 151, 155, 595 A.2d 169, 171 (1991).

After careful review, we are persuaded that there is no merit in appellant's contention that he has been twice convicted for the same offense in violation of double jeopardy principles. Appellant's claims of double jeopardy and collateral estoppel have been fully and adequately discussed in the posttrial opinion of the trial court, where the court reasoned as follows:

For Double Jeopardy to apply, not only must the offenses be the same, but the two charges must arise from the same

criminal conduct and be based on the same facts. 18 Pa.C.S.A. § 109. The second trial addressed the continued residence of Defendant at his mother's home, after the first conviction and sentencing which required that he leave. To determine whether the same facts provide the basis for the two prosecutions, the question becomes whether the two time periods at issue could be considered one criminal event.

The difficulty in applying the case law arises from the fact that Defendant's crime was permitted to continue because he was not incarcerated after the first trial. Crimes such as murder or burglary are not continuous in nature so it is much easier to pinpoint in those scenarios whether multiple trials arise from the same set of facts. Some aid does come, however, from the cases that discuss § 110 of the Crimes Code, sometimes referred to as the Compulsory Joinder Rule. 18 Pa.C.S.A. § 110.

"Prosecution ... for a violation of a different provision of the statutes than a former prosecution ... is barred by such former prosecution [where] the subsequent prosecution is for ... the same conduct, unless ... the second offense was not consummated when the former trial began." *Id.* This section addresses barring a subsequent *different* offense, but often the issue of a common fact basis is considered. "In determining whether incidents are part of a single criminal episode so as to bar their separate prosecutions, three factors must be considered: (1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact." *Commonwealth v. Butler,* 380 Pa. [Super.] 595, 599, 552 A.2d 702, 704 (1988).

Defendant['s] residence in his mother's home has been continuous. He chose to remain there in violation of a condition of his probation. The two prosecutions share almost identical issues of law and fact, depending on how one views the similarity between a proof of notice by personal communication and general notice. However, at the time of the first trial, the Commonwealth was limited to prosecuting the crime up until the date of the Complaint.

The second offense could be viewed as a separate criminal act, based on its own facts, simply because it had not yet consummated when the first trial began. The Compulsory Joinder rule will not bar subsequent offenses that had not yet come into being as of the first trial.

Defendant has also argued that the second trial violates the principles of collateral estoppel, which provides that "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit" *Commonwealth v. Cromwell*, 329 Pa.Super. 329, 333, 478 A.2d 813, 815 (1984), *quoting, Commonwealth v. Brown*, 503 Pa. 514, 518, 469 A.2d 1371, 1373 (1983). The Commonwealth cites *Cromwell* for the proposition that the rule only applies when the first trial resulted in an acquittal. A more correct statement of the law would be that collateral estoppel arises when an ultimate fact has been necessarily established in favor of the defendant, thus prohibiting relitigation of that ultimate fact in a later proceeding against him. *Commonwealth v. Wharton*, 406 Pa.Super. 430, 432, 594 A.2d 696 (1991); *Matter of Huff*, 399 Pa.Super. 574, 578 n. 5, 582 A.2d 1093, 1095 n. 5 (1990). In the present case Defendant has not cited a particular issue that was resolved in his favor at the first trial that could not be relitigated in the subsequent one.

Because of this insightful analysis of the trial court, it is unnecessary for this Court to discuss further appellant's alleged violations of double jeopardy and collateral estoppel.

■ Finally, in a concise statement of reasons relied upon for allowance of appeal from the discretionary aspects of sentencing, pursuant to Pa.R.A.P. 2119(f), appellant asserts that the trial court abused its discretion by (1) imposing an excessive sentence in light of the nature of the crime and his prior record; (2) ordering as a condition of parole that he seek a mental health evaluation, when this would hamper his ability to keep his pilot's license; and (3) requiring him to pay court costs and the costs of supervision when he was not financially able to do so. In addressing these claims, we must first

determine whether appellant has raised a substantial question as to whether his sentence was appropriate under the Sentencing Code. See: *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Although the existence of a substantial question must be determined on a case by case basis, the Superior Court will generally review the discretionary aspects of sentencing where a colorable argument is made that the actions of the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. See: *Commonwealth v. John*, 408 Pa.Super. 234, 245, 596 A.2d 834, 839 (1991).

Here, we conclude that no substantial question has been raised. Appellant has failed to identify any specific provision of the Sentencing Code which was ignored by the sentencing court, and he has made no showing that the sentence which he received was contrary to the fundamental norms of the sentencing process. Rather, he has raised the type of challenge which simply asks the reviewing court to substitute its judgment for that of the sentencing court. This type of claim "does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole." *Commonwealth v. Rogers*, 386 Pa.Super. 476, 481, 563 A.2d 165, 168 (1989); *Commonwealth v. Billett*, 370 Pa.Super. 125, 131, 535 A.2d 1182, 1185 (1988). Accordingly, we decline to conduct further review of the discretionary aspects of appellant's sentence.

The judgment of sentence is affirmed.