

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2005

# Lynn v. Desiderio

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lynn v. Desiderio" (2005). *2005 Decisions*. Paper 108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4070

JOSEPH LYNN,

Appellant

v.

JONATHAN DESIDERIO, Officer;
THE BETHLEHEM YMCA; JOE ROSADO;
RANDY BALLANGEE; *WILLIAM EGGELSTON

* (Amended in accordance with Clerk's Order dated 11/05/04)

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-00917)
District Judge: Honorable James K. Gardner

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2005

Before: ALITO, AMBRO, and LOURIE,* Circuit Judges

(Filed: December 15, 2005)

OPINION

_____

* Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Joseph Lynn appeals from an order of the District Court granting the motion to dismiss Lynn's § 1983 claim. He asserts that the District Court incorrectly determined that *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes his claim. For the reasons below, we affirm.

*    *    *    *    *

As we write for the parties, only a brief summary of pertinent facts is necessary. Lynn was a resident at the Bethlehem, Pennsylvania YMCA where he accrued approximately $400 in overdue rent. In February 2002, the YMCA sent Lynn a letter informing him that he would be evicted on March 2, 2002, if he failed to pay the overdue rent. He did not pay, and on March 4, 2002, YMCA staff members, accompanied by police, came to Lynn's room and demanded that he leave. Lynn refused and the police entered the room, arrested him, and charged him with defiant trespass under 18 Pa. Cons. Stat. § 3503(b)(1)(i). Lynn could not make bail and was incarcerated for 50 days until his preliminary hearing, where the magistrate dismissed the defiant trespass charge, charged him with disorderly conduct, and sentenced him to time served.

Lynn filed a claim under 42 U.S.C. § 1983 against the arresting officer and YMCA staff, asserting an unlawful search and seizure in violation of the Fourth Amendment, unlawful arrest and incarceration under the Fourteenth Amendment, and unarticulated First Amendment violations. Upon motion by the arresting officer, the District Court dismissed Lynn's complaint, holding that he had failed to state a claim for relief because,

2

under *Heck,*

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, **a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal**, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis added) (footnote and citation omitted). The Court noted that Lynn "had an opportunity to argue that he was improperly arrested without a warrant before a state court magistrate; and if the claim proved valid, the arrest and subsequent disorderly conduct [charge] might have been excluded as fruit of a poisonous tree." We have jurisdiction under 28 U.S.C. § 1291 and conduct plenary review of a district court's grant of a motion to dismiss. *Emerson v. Thiel Coll.*, 296 F.3d 184, 188 (3d Cir. 1996).

Lynn asserts that the dismissal of the defiant trespass charge was a reversal in his favor such that the § 1983 claim can go forward. The defendants reply that, because Lynn's conviction for disorderly conduct remains valid, *Heck* bars his claim. Dismissing the defiant trespass charge does not alter the fact that success on Lynn's constitutional claims would necessarily imply the invalidity of the disorderly conduct conviction, a conviction that has not been reversed on appeal, expunged, declared invalid, or called into

3

question.  Therefore, Lynn's claim can not go forward under § 1983.[1]  We therefore

affirm.

---

[1]Lynn also argues that eviction is a civil matter and thus cannot support criminal charges.  However, "[t]he subject matter addressed in a civil lawsuit and a criminal prosecution do not have to be mutually exclusive.  Rather, 'it is elementary that a person may offend against the Commonwealth and also be liable for civil damages or other relief growing out of the same offense.'" *Commonwealth v. Groft*, 623 A.2d 341, 344-45 (Pa. Super. Ct. 1993) (quoting *Pearl Assurance Co. v. Nat'l Ins. Agency*, 30 A.2d 333, 338 (Pa. Super. Ct. 1943)).