J-A01045-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
                  Appellee         :
                                    :
               v.                      :
                                    :
GERARDO VALDVIA,                :
                                    :
              Appellant      :       No. 82 EDA 2020

Appeal from the Judgment of Sentence Entered November 15, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005909-2018

BEFORE:     BENDER, P.J.E., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY BENDER, P.J.E.:        **FILED AUGUST 24, 2021**

       Appellant, Gerardo Valdvia, appeals from the judgment of sentence of

an aggregate term of two to five years' incarceration, followed by two years'

probation, imposed after he was convicted, following a non-jury trial, of

corruption of a minor ("COM"), endangering the welfare of a child ("EWOC"),

and physical harassment. Appellant challenges the sufficiency and weight of

the evidence to sustain his convictions, as well as the discretionary aspects

of his sentence. He also contends that a new trial is warranted due to

prosecutorial misconduct. After careful review, we reverse Appellant's

conviction for COM, vacate his judgment of sentence for that offense, and

affirm his judgment of sentence for EWOC and harassment.

_____

*Retired Senior Judge assigned to the Superior Court.

On August 31, 2018, Appellant was charged with one count each of unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1); COM, 18 Pa.C.S. § 6301(a)(1); harassment, 18 Pa.C.S. § 2709(a)(1); EWOC, 18 Pa.C.S. § 4304(a)(1); and indecent assault of a person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7). He proceeded to a non-jury trial on September 3, 2019, wherein L.W., the victim, testified to the incidents occurring between November 12, 2012, and November 12, 2015, which gave rise to the charges. L.W.'s mother and Appellant also testified.

The following factual background was established at Appellant's non-jury trial. L.W. testified that when she was a child, Appellant, who was then married to her aunt, sexually assaulted her on multiple occasions. L.W. would frequently spend time with Appellant's daughters, who are L.W.'s cousins, at Appellant's house. When L.W. was 11 years old, she was alone in Appellant's basement taking out her braids when Appellant went downstairs, approached L.W. from behind, and squeezed her buttocks. She testified that she did not tell anyone at the time because she was afraid her aunt would "pin it on [her], not believe [her], and take [Appellant's] side." N.T., 9/3/2019, at 14.

The following year, just after L.W.'s 12th birthday, Appellant assaulted L.W. a second time. She testified that he went into her room when she was cleaning up and "made [her] touch his penis over his clothes." *Id.* at 15. Immediately after Appellant forced L.W. to touch him, he handed L.W. cash.

She testified that she did not know if the money was "hush money or birthday money," but it was strange to her as Appellant had never given her money before. *Id.* at 16. L.W. did not come forward after this incident because she was "scared of how people would think" about her. *Id.* at 19-20.

Later that year, L.W. went to Dave & Buster's, an arcade, with Appellant and his daughters. When they were driving home, Appellant dropped his daughters off and then asked L.W. to move to the front seat of the car. L.W. testified that she was in the back seat acting like she was sleeping because she "knew he was going to try to do something" when they were alone. *Id.* at 21. After she reluctantly moved to the front seat, Appellant asked her if she "wanted to do anything with him." *Id.* at 20. She told him "no," and he replied, "Well, I will find someone else to do something with me." *Id.* at 21.

When L.W. was 13, her grandmother asked her to go to the bank alone with Appellant. She testified that she did not want to go because she was afraid Appellant would try to touch her or force her to touch him. *Id.* at 24. Ultimately, she got in the front seat of the car with him. L.W. testified that during the drive Appellant asked her if she had "told anyone." *Id.* at 25. She assumed he was referring to "him touching [her] and [her] touching him." *Id.* She had not told anyone at that point, but in May of 2018, when L.W. was 17 years old, she told her mother about the foregoing

incidents. L.W. explained that one of her friends had been raped, which made her want to tell her mother. *Id.* at 26. That same day, she went to the police station to make a report.

At the close of trial, the trial court found Appellant guilty of COM, EWOC, and harassment, and not guilty of unlawful contact with a minor and indecent assault of a person less than 13 years of age. On November 15, 2019, Appellant was sentenced to two to five years' incarceration followed by two years' probation for COM, and two to five years' incarceration followed by two years' probation for EWOC. The sentence for EWOC was set to run concurrently with the sentence for COM. Additionally, Appellant's conviction for COM classified him as a Tier I sexual offender, and required him to comply with the fifteen-year registration and reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.14(b); 9799.15(a)(1). No further penalty was imposed for Appellant's harassment conviction. Appellant did not file a post-sentence motion.

Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. No responsive Rule 1925(a) opinion was filed, as the trial judge was no longer sitting on the bench. On appeal, Appellant presents five issues for our review:

1. Was the evidence insufficient to support the guilty verdict?

2. Did the honorable trial court err in returning an inconsistent verdict, as the honorable trial court found [] Appellant not guilty of the charges of unlawful contact with a minor and indecent assault, but guilty of the charges of harassment[,] a summary offense, [COM], and [EWOC?]

3. Did the honorable trial court err in finding [] Appellant guilty of the crime of corruption of minors, as [] Appellant was found not guilty of any criminal offenses or any course of conduct in violation of Chapter 31 relating to sexual offenses, which is legally required pursuant to []18 [Pa.C.S. §] 6301[(a)](1)(iii)?

4. Was the verdict against the weight of the evidence?

5. Did the honorable trial court sentence [] Appellant to an excessive, disproportionate sentence and outside the sentencing guidelines[?]

6. Did the Commonwealth commit misconduct by failing to disclose to the honorable trial court and [] Appellant and his trial counsel that the complaining witness['s] father is a [Philadelphia politician[1]] and should have at least informed and disclosed to the honorable trial court and [Appellant] prior to the [non-]jury trial for possible court recusal and for a colloquy of [] Appellant of the potential conflict?

Appellant's Brief at 7 (capitalization altered, questions reordered for ease of disposition).

In his first issue, Appellant presents a blanket claim that there was insufficient evidence to support his convictions. Appellant's Brief at 43. Before we can reach the merits of this claim, we must first determine if Appellant has preserved it for our review. Appellant's Rule 1925(b)

---

[1] Pursuant to Superior Court I.O.P. 424(A), we have omitted specific information pertaining to the political positions of L.W.'s father to protect L.W.'s identity.

statement exclusively states, "The evidence was insufficient to support the guilty verdict." Appellant's Rule 1925(b) Statement at 1 (unnumbered). Appellant was convicted of three offenses, each of which contains various elements, yet he failed to specify what offense or element the Commonwealth failed to prove. Therefore, Appellant has waived his general sufficiency-of-the-evidence issue on appeal. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (reiterating "that when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal") (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citations omitted)).

However, we will address Appellant's more specific sufficiency claim, which he presents as an argument regarding inconsistent verdicts. Specifically, in his second issue, Appellant argues that he is entitled to relief because the trial court rendered an inconsistent verdict. Appellant's Brief at 27. Appellant claims that "the []trial court did not believe the complaining witness['s] testimony that [] Appellant placed her hand on top of his clothed penis, as the [trial c]ourt found [] Appellant not guilty of indecent assault and unlawful contact with a minor." *Id.* at 28. Thus, Appellant contends, there was no evidence credited by the trial court that he engaged in conduct that could support a conviction for EWOC. *Id.*

A claim based on inconsistent verdicts is essentially an argument that the evidence was insufficient, in that an appellant is arguing that a verdict of acquittal implies a factual finding which would undermine a guilty verdict. *See Commonwealth v. Baker-Myers*, ___ A.3d ___, 2021 WL 3073152, at *4-6 (Pa. filed July 21, 2021). Our scope and standard of review for sufficiency-of-the-evidence claims are well settled. "A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

> Generally, inconsistent verdicts are not grounds for relief:
>
> "[I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." *Commonwealth v. Petteway*, 847 A.2d 713, 718 (Pa. Super. 2004) (citations omitted). Rather, "[t]he rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." *Commonwealth v. Miller*, 657 A.2d 946, 948 (Pa. Super. 1995) (citations omitted). "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." *Petteway*, *supra*.

*Commonwealth v. Frisbie*, 889 A.2d 1271, 1273 (Pa. Super. 2005) (citations modified). Because a verdict can be the result of compromise,

leniency, or mistake, "factual findings may not be inferred from a jury's acquittal." ***Commonwealth v. Moore***, 103 A.3d 1240, 1248 (Pa. 2014). Although these cases phrase this rule in the context of jury trials, this Court has held that the "same rule applies in nonjury trials." ***Commonwealth v. Yachymiak***, 505 A.2d 1024, 1026 (Pa. Super. 1986).

Here, Appellant does not argue that an express exception to the general rule on inconsistent verdicts applies. Indeed, he acknowledges that "'this Court will not disturb the guilty verdicts on the basis of [an] apparent inconsistenc[y] as long as [the] evidence [is sufficient] to support the [guilty] verdict[s].'" Appellant's Brief at 28 (quoting ***Commonwealth v. Boyles*** 595 A.2d 1180, 1884 (Pa. Super. 1991)). Nevertheless, Appellant argues that the verdict of "not guilty of all sexual contact charges" demonstrates that Appellant did not engage in conduct that endangered the welfare of a child. ***Id.*** In doing so, Appellant is asking this Court to infer factual findings from the trial court's verdict, which we cannot do. ***See Moore***, 103 A.3d at 1248. Accordingly, Appellant's second claim is without merit.

In his third issue, Appellant challenges his conviction for COM in light of the trial court's verdict that he was not guilty of indecent assault of a minor, the only Chapter 31 offense with which Appellant was charged. Appellant's Brief at 16. The subsection of COM under which Appellant was convicted states in relevant part, "Whoever, being of the age of 18 years

and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a felony of the third degree." 18 Pa.C.S. § 6301(a)(1)(ii). He argues that there is insufficient evidence to sustain his COM conviction because, in failing to obtain a conviction for indecent assault of a minor, which is a Chapter 31 offense, the Commonwealth failed to prove all the elements of COM. Appellant's Brief at 16-18.

Generally, inconsistency in verdicts does not support the conclusion that there was insufficient evidence to sustain a conviction because "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Magliocco*, 883 A.2d 479, 492 (Pa. 2005) (citations omitted). However, as in the instant case, where the elements of the charged crime include that the Commonwealth prove a predicate offense, an acquittal on the predicate offense presents a challenge to the sufficiency of the evidence. *See Baker-Myers*, ___ A.3d ___, 2021 WL 3073152, at *4-6.

Our Supreme Court has held that the Commonwealth is required to prove a Chapter 31 offense as the predicate offense for a felony COM conviction.

> [T]he language "in violation of Chapter 31" is an essential element of a felony [COM] offense under 18 Pa.C.S. § 6301(a)(1)(ii). Although the Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense, where, as here, the jury is specifically instructed on the predicate offense or offenses pertaining to the [COM] charge,

and the jury then renders an acquittal on all such predicates, a conviction for felony [COM] cannot stand. In reaching this conclusion, we do not disturb the longstanding principle permitting inconsistent verdicts or its corollary that factual findings may not be inferred from a jury's acquittal. Instead, we simply recognize the statute's unusual phrasing has left it vulnerable to "idiosyncratic sufficiency ... challenges[.]" … And, as demonstrated, it is "the fact of the jury's acquittal — not any factual inference drawn from the acquittal — and the statutory elements" of the offense that drive this conclusion.

**Baker-Myers**, ___ A.3d ___, 2021 WL 3073152, at *9 (citations omitted).[2]

Here, the predicate Chapter 31 offense was indecent assault of a minor. As detailed hereinabove, the trial court found Appellant not guilty of indecent assault of a minor. Because the trial court found Appellant not guilty of the only charged Chapter 31 offense, there was insufficient evidence to support Appellant's COM conviction. Consequently, we reverse Appellant's conviction for COM and vacate the sentence imposed for that offense.[3] Because the court sentenced Appellant to concurrent, identical sentences for COM and EWOC, the overall sentencing scheme has not been

---

[2] At the time Appellant filed his notice of appeal, **Baker-Myers** was pending before our Supreme Court. At issue in that case was the question of whether a Chapter 31 violation is an essential element of COM. In its brief, the Commonwealth conceded that if our Supreme Court concluded that a violation of Chapter 31 is an essential element of COM, there was insufficient evidence to convict Appellant of COM in the instant case. Commonwealth's Brief at 11-12. In light of this, the Commonwealth requested that this Court defer its decision until our Supreme Court rendered its decision in **Baker-Myers**, which it did on July 21, 2021.

[3] This disposition also vacates the SORNA registration requirement imposed as a result of the COM conviction. **See Commonwealth v. Baker-Myers**, 210 A.3d 1093, 1096 (Pa. Super. 2019), *affirmed*, ___ A.3d ___, 2021 WL 3073152.

disturbed, and we need not remand for resentencing. *Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (declining to remand because vacating Thur's sentence did not disrupt the overall sentencing scheme where the sentence was concurrent and vacating did not change the aggregate length of incarceration).

Appellant's fourth issue challenges the weight of the evidence to support his convictions. Appellant's Brief at 37. Initially, to preserve a challenge to the weight of the evidence, the appellant must raise that claim before the trial court. *See* Pa.R.Crim.P. 607(A) (stating that a claim that a verdict was against the weight of the evidence must be raised before trial court orally or in a written motion prior to sentencing, or in a post-sentence motion). Presently, Appellant did not file a post-sentence motion raising his weight issue, and he fails to point to where in the record he preserved it prior to sentencing. *See* Pa.R.A.P. 2119(e) (directing that the appellant must set forth in the argument portion of his brief where in the record he preserved the issue before the trial court). Our review confirms that Appellant did not preserve this claim orally prior to sentencing. Consequently, Appellant's issue is waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight-of-the-evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion).

In his fifth issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 32.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)[.] Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)[.]

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

In the present case, Appellant has failed to preserve his discretionary-aspects-of-sentencing challenge in a post-sentence motion or orally at the sentencing hearing. Consequently, this issue is waived. ***See Griffin***, ***supra***; ***see also Commonwealth v. Bromley***, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed

- 12 -

a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citation omitted).

Appellant presents his final issue as a prosecutorial-misconduct claim, arguing that the Commonwealth had a duty to inform Appellant and the trial court that L.W.'s father knew the trial judge through L.W.'s father's current position in, and history of involvement with, the Philadelphia Democratic party. Appellant's Brief at 20. Specifically, Appellant alleges that "the trial court was ambushed [at the sentencing hearing] by the Commonwealth's failure to disclose that [L.W.'s] father had known the [t]rial [j]udge for over twenty years" when L.W.'s father appeared and testified at Appellant's sentencing hearing. *Id.* at 20-21.

Initially, we observe that Appellant did not object or otherwise preserve the issue before the trial court. Therefore, this claim is waived. ***See Commonwealth v. Sasse***, 921 A.2d 1229, 1238 (Pa. Super. 2007) ("In order to preserve a claim of prosecutorial misconduct for appeal, a defendant must make an objection and move for a mistrial."). To the extent Appellant is claiming the trial judge should have recused himself, Appellant has also waived this claim by not requesting recusal before the trial court at the time he became aware of the alleged conflict. ***See Commonwealth v. Blount***, 207 A.3d 925, 930-31 (Pa. Super. 2019) (holding that the appellant's recusal claim was waived because the appellant waited until the

end of sentencing to move for the judge to recuse herself, rather than when he became aware of the basis for his recusal request).

Based on the foregoing, we affirm Appellant's conviction and judgment of sentence for EWOC and harassment. We reverse his conviction for COM and vacate his judgment of sentence for that offense.

Conviction and sentence for COM vacated. Judgment of sentence affirmed in all other respects.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2021